James B. McCORSTIN, Jr.,
Plaintiff–Appellant,

v.

U. S. DEPARTMENT OF LABOR et al.,
Defendants–Appellees.

No. 80–7112
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 3, 1980.

James A. McCorstin, Jr., pro se.

Caryl P. Privett, Asst. U.S. Atty., Birmingham, Ala., for defendants–appellees.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

This is an action under the Freedom of Information Act (FOIA) [1] against the United States Department of Labor and officials thereof.[2] The plaintiff, who appears *pro se*, previously filed actions against United States Steel alleging violations of the Age Discrimination in Employment Act (29 U.S.C. §§ 621 *et seq.*).[3] In October 1978, the plaintiff filed this FOIA request with the Department of Labor for "copies of all documents in your files that were developed as a result of the Notices [of intention to sue] dated June 28, 1972 and August 29, 1972, submitted by me to your office." The Department of Labor produced the relevant documents with some excisions based on asserted FOIA exemptions. The district court after an *in camera* inspection concluded that the plaintiff received all the information he was entitled to under the FOIA, and *ex mero motu* dismissed this action. After our own *in camera* inspection of documents [*e. g., Pope v. United States*, 599 F.2d 1383, 1385 n.2 (1979)], we affirm the district court's ruling as to plaintiff's FOIA claim.[4]

The plaintiff appeals not only the district court's substantive ruling as to his FOIA claim, but also several of the district court's preliminary rulings: denial of plaintiff's motion for default judgment, denial of his request for judicial notice (and request for explanation of same), denial of his motion for itemization, and denial of his jury demand. We conclude for reasons stated below that the district court did not commit reversible error as to any of these non–dispositive motions.

*Context Facts*

On July 6, 1979, the Solicitor of Labor pursuant to the plaintiff's administrative appeal sent the plaintiff the entire contents of his file except for specific deleted information that was alleged to be exempt under 5 U.S.C. §§ 552(b)(5), 7(C) and 7(D). These exemptions generally pertain to staff opinions and recommendations, names and addresses of employees and of those who supplied information to the Department of Labor. The plaintiff filed this FOIA suit in September 1979, alleging that he was entitled to the deleted material.

After the government answered, the plaintiff filed a motion for default judgment that was overruled. The government filed an affidavit by Sofia Petters of the Department of Labor that detailed the history of McCorstin's case and listed the documents, their deletions, and the specific exemptions claimed for each one. Record on Appeal 11–22.

McCorstin thereafter filed a "motion to require detailed justification, itemization and hearing." After oral argument on Jan-

---

1. 5 U.S.C. § 552 (1976).

2. Until July 1979, when a Presidential Reorganization Plan transferred enforcement of the Age Discrimination in Employment Act to the Equal Employment Opportunity Commission, the Employment Standards Administration of the United States Department of Labor was charged with enforcing the ADEA.

3. On June 10, 1980 this court affirmed one of the judgments in favor of United States Steel Corporation, *McCorstin v. United States Steel Corp.*, 620 F.2d 298 (5th Cir. 1980) on the basis of the district court opinion. In the plaintiff's other ADEA appeal, this court reversed the directed verdict entered in favor of the defendant (on the basis that a prima facie case of age

discrimination had not been demonstrated) and remanded for a jury trial on the merits. *McCorstin v. United States Steel Corp.*, 621 F.2d 749 (5th Cir. 1980).

4. In order to insure meaningful review of the plaintiff's Freedom of Information Act request, this court formally requested the trial court to supplement the appellate record by having the appropriate party file under seal all the documents (both the completed file and the file with deletions) previously submitted to the district court pursuant to the *in camera* inspection. We have conducted our own *in camera* inspection after the documents were filed in this court.

uary 11, 1980, the district court denied the motion.[5]

Between the district court's January 11, 1980 motion docket and its final order of February 6, 1980, the plaintiff filed a request for judicial notice under Federal Rule of Evidence 201(d) that was ordered stricken, a "request for explanation" as to why the judicial notice request was ordered stricken that was itself also ordered stricken as impertinent, and a jury demand that the trial court similarly struck as impertinent. In February 1980, the district court ordered this cause dismissed since in its view the plaintiff had received all the material he was entitled to under the FOIA.

### Default Judgment

 The plaintiff initially complains because the trial court denied his motion for default judgment. Default judgment is available under Federal Rule of Civil Procedure 55 when a party has failed to plead or otherwise defend. The government answered on October 30, 1979. The default motion was filed on November 16, 1979. Therefore, under the controlling rule, default judgment was clearly inappropriate.[6]

### Judicial Notice

 In his request for judicial notice under Federal Rule of Evidence 201, the plaintiff asked the court to take notice that Sofia Petters committed perjury in her affidavit for the Department of Labor. The rule permits the court to take judicial notice of facts "generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." An allegation of perjury clearly is not contemplated by

the judicial notice rule. *See generally* 21 C. Wright & K. Graham, Federal Practice and Procedure §§ 5104–5106 (1977).

After the plaintiff's request for judicial notice was stricken, he filed a request for explanation of same that was itself later stricken as impertinent. Under Federal Rule of Civil Procedure 12(f) the district court may *sua sponte* "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *See generally* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 (1969). Although no court can expect the same measure of competency from *pro se* litigants as from lawyers trained and skilled in the law, we conclude that it was not an abuse of discretion for the trial court to order these above described pleadings stricken.

### "Motion for itemization"

The plaintiff's motion for itemization filed on December 21, 1979 was properly denied. A month earlier, Petters had filed her affidavit containing the requested detailed itemization of documents and justification for deletions.[7]

### Jury Demand

 Federal Rule of Civil Procedure 38(b) requires that a demand for a jury trial of any issue be served within ten days after service of the "last pleading directed to such issue." If the only relevant pleadings in the case (as here) are the complaint and the answer, the demand for a jury trial must be served not later than ten days after service of the answer. *See generally* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2320 (1971). Even assuming that there is a constitutional right to trial by jury in an action under the Free-

---

5. At oral argument on "the motion to require detailed justification, itemization and hearing" the Department of Labor submitted two files to the court for *in camera* inspection–a complete file and one with deletions.

6. In a related vein, the plaintiff notes that the attorneys for the defendants did not comply with Federal Rule of Civil Procedure 11 in that their pleadings do not indicate their address. The plaintiff, however, asserts no prejudice resulting therefrom. "[I]n view of the basic policy of the federal rules to adjudicate actions on

their merits rather than on procedural niceties, a motion to dismiss or to strike under this rule should not be granted unless the moving party has been severely prejudiced or misled." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1334 (1969).

7. We note that the trial court in making its decision did not rely on the Petters' affidavit but rather conducted its own *in camera* inspection of the administrative files at issue.

dom of Information Act, the jury demand in this case filed on February 1, 1980 was not timely under the applicable rule, since the defendants had filed their answer on October 30, 1979.

*FOIA Request*

 The Freedom of Information Act provides access to the citizenry of most forms of government records. Essentially, the Act provides that all documents are available to the public unless specifically exempted by the Act itself. *Vaughn v. Rosen,* 484 F.2d 820, 821 (D.C.Cir. 1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

After our review of the administrative files, we conclude that the plaintiff received all the information to which he was entitled and that the claimed exemptions under 5 U.S.C. § 552(b)(5) and (7) were proper. Those exemptions provide that the FOIA does not apply to matters that are:

(5) inter–agency or intra–agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency; . . .

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would . . . (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source. . . .

Exemption 5 generally protects from disclosure the attorney work product, staff opinions and recommendations that precede a final agency decision and that are part of the agency's deliberative process. *See NLRB v. Sears Roebuck,* 421 U.S. 132, 154–155, 159–160, 95 S.Ct. 1504, 1518, 1521, 44 L.Ed.2d 29 (1975); *EPA v. Mink,* 410 U.S. 73, 89, 93 S.Ct. 827, 837, 35 L.Ed.2d 119 (1973). *See also* 29 C.F.R. 70.25.

Exemption 7 is designed to protect personal privacy and confidential sources. Exemption 7(C) is intended to protect the privacy of any person mentioned in the requested files, not only the person who is the object of the investigation. Exemption 7(D) protects confidential sources.

Extended discussion of each of the documents in question is infeasible here, since written analysis of each document would invariably reveal some of the exempted information. Suffice it to say that the documents in question were compiled by the department while investigating an ADEA complaint and our examination of each document indicates that the claimed exemptions were properly invoked and correctly judicially recognized.

*Summary*

In summary, we AFFIRM the trial court's denial of plaintiff's motion for default judgment, denial of his request for judicial notice (and request for explanation of same), denial of his motion for itemization, and denial of his jury demand. Additionally, after having reviewed the relevant documents *in camera,* we AFFIRM the dismissal of plaintiff's FOIA suit.