[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2008
THOMAS K. KAHN
CLERK

No. 08-13118
Non-Argument Calendar
_____

D. C. Docket No. 05-00544-CV-KD-C

JOSEPH DZWONKOWSKI, SR.,

Plaintiff-Appellant,

versus

JOSEPH DZWONKOWSKI, JR.,
SONITROL OF MOBILE, INC.,
ROBERT DZWONKOWSKI,
ALAB C. CHRISTIAN,
ERIN DZWONKOWSKI, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 31, 2008)

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Joseph Dzwonkowski, Sr. ("Joe Sr.") appeals the district court's entry of final judgment in favor of his sons, Robert Dzwonkowski and Joseph Dzwonkowski, Jr. ("the Sons"), in this intrafamily dispute over the ownership and control of Sonitrol of Mobile, Inc., a closely held corporation. Because we conclude that we lack jurisdiction to review Joe Sr.'s challenge to the district court's orders dismissing his complaint, we address on the merits his claims that the district court abused its discretion in: (1) directing Joe Sr. to pay sanctions and attorneys' fees, and (2) striking Joe Sr.'s notice of bankruptcy case filing. After thorough review, we dismiss the appeal in part, and affirm it in part.

Where it appears that we may lack jurisdiction, we must review our jurisdiction in the first instance. Robinson v. Tanner, 798 F.2d 1378, 1379 (11th Cir. 1986). We review jurisdictional issues de novo. AT&T Mobility, L.L.C. v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1360 (11th Cir. 2007). We review a district court's order awarding attorneys' fees and sanctions for abuse of discretion. Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1238 (11th Cir. 2007); Taylor v. City of Fort Lauderdale, 810 F.2d 1551, 1556

(11th Cir. 1987). We also review an order striking pleadings for abuse of discretion. McCorstin v. U.S. Dep't of Labor, 630 F.2d 242, 244 (5th Cir. 1980).[1]

As an initial matter, we must dismiss Joe Sr.'s appeal of the district court's orders dismissing his complaint. "It is by now abundantly clear that a timely and properly filed notice of appeal is a mandatory prerequisite to appellate jurisdiction." Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006). Under Federal Rule of Appellate Procedure 4(a)(1)(A), an appellant must file a notice of appeal "with the district clerk within 30 days after the judgment or order appealed from is entered." Here, the district court's order dismissing Joe Sr.'s complaint was issued in July 2006, and reconsideration was denied in August 2006, but Joe Sr.'s notice of appeal -- which did not even make reference to either of these orders -- was not filed until May 2008, well over 30 days after the orders were issued. Thus, to the extent Joe Sr. is appealing the 2006 orders, his appeal is untimely and we lack jurisdiction to review them.[2]

---

[1] Former Fifth Circuit decisions, issued before close of business on September 30, 1981, bind this Court. Bonner v. City of Prichard, 661 F.2d 1206, 1209-10 (11th Cir. 1981) (en banc).

[2] While Federal Rule of Appellate Procedure 4(a)(4)(A) extends the time for appealing an order where a party has filed a motion for "attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58," (emphasis added), the district court did not extend the time to appeal here. Moreover, Local Rule 54.3(e) of the Southern District of Alabama expressly provides that "[p]endency of a motion [for attorneys' fees] filed under this rule does not extend the time for appealing from . . . the judgment giving rise to the claim for attorneys' fees."

3

Turning to the merits of the remaining appeal, we reject Joe Sr.'s claim that the district court abused its discretion in directing Joe Sr. to pay sanctions and attorneys' fees. Joe Sr. asserts that the award of fees and sanctions "should have been premised on a proper determination of [Joe Sr.'s] Sonitrol stock ownership claims." However, as we conclude above, the merits of the underlying action are not before us. And even more important to the attorneys' fees and sanctions issue, Joe Sr. has failed to show any error in the bases of the district court's award -- that, among other things, the Sons were "prevailing parties," Joe Sr.'s actions during the litigation were "dilatory" and "unduly prejudiced" the Sons, and Joe Sr.'s filings were "frivolous," "meritless," and "tantamount to bad faith." In short, Joe Sr. has made no showing whatsoever as to why the award of attorneys' fees or the award of sanctions was an abuse of discretion.[3]

We further conclude that the district court did not abuse its discretion in striking Joe Sr.'s "Notice of Bankruptcy Case Filing" of Sonitrol of Mobile, Inc. Although we are unpersuaded by the Sons' claim on appeal that this order is not an appealable final judgment, we nevertheless reject Joe Sr.'s challenge to the

---

[3] In addition, we lack jurisdiction over any appeal in the name of Joe Sr.'s counsel, Willie James Ellison, from the district court's order directing Joe Sr. and Ellison to pay sanctions and attorneys' fees. The notice of appeal filed in this case provided only that Joe Sr. appealed from the district court's order. Because "[t]he failure to name a party in a notice of appeal . . . constitutes a failure of that party to appeal," Holloman, 443 F.3d at 844 (quotations omitted), Ellison has failed to perfect any appeal he may have here.

4

district court's striking of a notice apparently filed by Joe Sr. on behalf of Sonitrol without the consent of any Sonitrol representatives, and in violation of an order from the United States Bankruptcy Court for the Southern District of Alabama. Indeed, the district court has broad inherent powers, as well as authority under Federal Rule of Civil Procedure 12(f) to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Joe Sr. has not made any showing as to how the district court abused its discretion in so doing.

**DISMISSED in part, AFFIRMED in part.**