James T. VOLZ, Plaintiff-Appellee,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Defendant-Appellant.

No. 78–1748.

United States Court of Appeals,
Tenth Circuit.

Argued March 14, 1980.

Decided April, 14, 1980.

Terrence Jackson, Dept. of Justice, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Larry Patton, U. S. Atty., Oklahoma City, Okl., and Leonard Schaitman, Washington, D. C., with him on the brief), for defendant-appellant.

Duane Miller, Oklahoma City, Okl., for plaintiff-appellee.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

The Privacy Act of 1974 generally permits an individual to obtain access to agency records concerning him. 5 U.S.C. § 552a(d)(1). This case requires us to construe an exception contained in § 552a(k)(5) which exempts from disclosure

investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment, military service, Federal contracts, or access to classified information but only to the extent that the disclosure of such material would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence, or, prior to the effective date of this section, under an implied promise that the identity of the source would be held in confidence.

Appellee is a special agent for the Federal Bureau of Investigation. Beginning in

1976, the Bureau conducted a disciplinary investigation after which appellee was briefly suspended. During the course of the investigation, the FBI interviewed a lawyer named Socrider and recorded the information obtained from him in a three-page memorandum. Socrider provided the information under an express promise of confidentiality. Eventually, in the face of litigation by appellee, the FBI released all of its information relating to the disciplinary investigation except the Socrider memorandum. Upon request, Socrider released the agency from its promise of confidentiality as to all of the information contained in the report except for two paragraphs. The agency then expunged the two confidential paragraphs and gave the report to the appellee. The trial court ordered the release of those two paragraphs as well. The government appeals.

■ The question before us is whether subsection (k)(5) exempts from disclosure those portions of a document containing information obtained under a proper promise of confidentiality when the source of the information is known but the specific confidential information itself is not known to the party seeking disclosure.[1] We find that disclosure under these circumstances is contrary to both the language and purposes of the exemption.

■ It is clear that the primary purposes of the exemption are to protect the privacy of confidential informants and facilitate governmental access to investigatory material which would not be made available absent a promise of confidentiality. *Cf. Scherer v. Kelley*, 584 F.2d 170, 176 (7th Cir. 1978), *cert. denied*, 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979); *Charlotte-Mecklenburg Hospital Authority v. Perry*, 571 F.2d 195, 203 (4th Cir. 1978); *National Parks & Conservation Association v. Morton*, 498 F.2d 765, 767–71 (D.C.Cir.1974). These purposes would not be realized if

disclosure could be compelled merely because the one seeking disclosure is aware that the source has given information of some sort to the agency. Not only the fact that an individual has talked to the agency but also the information thus obtained is protected from disclosure.

The trial court's ruling fails to recognize the inextricable connection between the source and the substance of a confidential disclosure. Socrider obtained a lawful promise of confidentiality for the fact that he was the source of certain substantive information. That the information contained in the two confidential paragraphs was a part of a broader body of information which has been released does not alter the result. Subsection (k)(5) protects the confidentiality of any substantive information provided by Socrider insofar as disclosure would reveal that he was the agency's source for that information.

In this case the FBI went to great lengths to obtain permission to release the information contained in the three-page document. It was not required to do so. Its successful attempt to obtain release of all but a tiny fraction of the memorandum was in keeping with the spirit of the Act. Any construction other than that which we give the Act would discourage such voluntary disclosures. It would also discourage cooperation by confidential sources and undermine the Act's attempt to encourage persons otherwise unwilling to reveal relevant information to the government.

■ In addition to ordering the release of information, the trial court granted attorney's fees and costs. Such an award is appropriate only if "the complainant has substantially prevailed" in his action. 5 U.S.C. § 552a(g)(3)(B). Although some information was released after the suit was filed, we have concluded that appellee has not "substantially prevailed" and the award of fees and costs must be reversed.

REVERSED.

---

1. This is not a situation where the government refuses to disclose the source of confidential information which is relied upon by the agency in defense of a suit brought by the employee to contest the agency's disciplinary action. In

such a situation the agency might be required to reveal its confidential sources or drop the disciplinary action. *See* 120 Cong.Rec. 40406 (1974) (remarks of Sen. Ervin). However, we need not resolve this issue in this case.

WILLIAM E. DOYLE, Circuit Judge, concurring.

I concur in the conclusion that the portions of the documents released to the appellee which were deleted are exempt from disclosure under the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a(k)(5).

I disagree with the majority's summary reversal of the award of attorney's fees and costs. This is based on the conclusion that the appellee had not "substantially prevailed."

There is a public purpose for the Congressional inclusion of an allowance of attorney's fees under the Act, 5 U.S.C. § 552a(g)(3)(B), and although the Act is relatively recent, there is already ample authority requiring the trial courts to consider and weigh a number of factors in awarding attorney's fees to "substantially prevailing" parties. These include:

a. The benefit which the public might derive from the case.

b. The nature of the interest of the plaintiff in the materials sought.

c. The reasonableness of the agency's withholding of the materials.

d. The pecuniary benefit and commercial interest of the plaintiff in the materials sought.

e. The necessity of and causative effect of the filing of suit to obtain the materials.

f. Any other relevant factors which might effectuate the legislative intent to maximize public access to government information and to facilitate public access to the courts to enforce statutory rights.

*Nationwide Building Maintenance, Inc. v. Sampson,* 559 F.2d 704 (D.C.Cir.1977); *Chamberlain v. Kurtz,* 589 F.2d 827 (5th Cir. 1979); *Polynesian Cultural Center, Inc. v. N. L. R. B.,* 600 F.2d 1327 (9th Cir. 1979).

Our decision is rendered without regard to the governing criteria. I would prefer to approve the modest award in the interests of promoting the public interest.