James PICCOLO

v.

UNITED STATES DEPARTMENT OF JUSTICE.

Civ. A. No. 80–2315.

United States District Court, District of Columbia.

April 22, 1981.

On Motion For Partial Reconsideration May 13, 1981.

Robert J. Flynn, Jr., Washington, D. C., for plaintiff.

Miriam M. Nisbet, Atty.-Advisor to the Associate Atty. Gen., U. S. Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge.

Before the Court is Defendant's Motion for Summary Judgment in this Freedom of Information Act (FOIA) action. 5 U.S.C. § 552. Plaintiff seeks information relating to a criminal investigation involving him. Defendant has released much of the information, and has withheld some information

on grounds that are not objected to by Plaintiff.[1] Two legal issues are presented in the instant Motion, to wit: (1) does exemption 3, 5 U.S.C. § 552(b)(3), permit nondisclosure of materials related to grand jury proceedings and (2) do exemptions 7(C) and 7(D), 5 U.S.C. § 552(b)(7)(C), (D), permit withholding of information given by a confidential source if the identity of that source is known by Plaintiff.

### I. Exemption 3

Exemption 3 provides that Defendant may withhold information

> [s]pecifically exempted by statute, provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) established particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). The "statute" relied upon by Defendant is Fed.R.Cr.Pro. 6(e). That Rule provides that grand jury proceedings are to be kept secret, and prohibits disclosure of grand jury information with a few exceptions not relevant to the instant case.[2]

Plaintiff argues persuasively that the Federal Rules are not a "statute," and therefore are inapplicable to FOIA litigation. In *Founding Church of Scientology v. Bell*, 603 F.2d 945, 951–952 (D.C.Cir.1979), the Court of Appeals stated that

> [e]xemption 3 is explicitly confined to material exempted from disclosure "by statute," and the Federal Rules of Civil Procedure simply do not satisfy this description. They are issued by the Supreme Court under rulemaking powers delegated by Congress. Although proposed rules may be rejected by Congress, they are not affirmatively adopted by the legislature, as all statutes must be.

The Federal Rules of Criminal Procedure are enacted in an identical manner. Thus, Fed.R.Cr.Pro. 6(e) is not a statute, and grand jury proceedings, unless they fall into the "substantive exceptions of the statute," *Id.*, at 952, must be disclosed. Defendants have made no such showing. Accordingly, all materials withheld pursuant to exemption 3 must be disclosed.

The Court is mindful of the distinctions between Fed.R.Cr.Pro. 6(e) and Fed.R.Civ. Pro. 26(c), the Rule analyzed in *Bell.* Fed. R.Civ.Pro. 26(c) is designed to protect the personal privacy of litigants, and the "substantive exceptions" in FOIA (e. g. exemptions 7(C) and 7(D)) will serve this purpose. Fed.R.Cr.Pro. 6(e), however, was designed to preserve an important constitutional process, and this process will be seriously endangered unless secrecy is ensured. Thus, application of FOIA to grand jury proceedings threatens the grand jury process.

The Court further notes that, while Fed. R.Civ.Pro. 26(c) does not meet the "anti-discretionary" requirements of exemption 3, Fed.R.Cr.Pro. 6(e) would satisfy those standards. Nevertheless, the Court is persuaded that *Founding Church of Scientology v. Bell* is dispositive; only Congress or the higher Courts can change its mandate.

### II. Exemptions 7(C) and 7(D)

Plaintiff admits[3] that the government has withheld information he seeks consistent with those exceptions. He alleges, however, that (1) the sources are not confidential, because he knows their identity, and (2) that the information provided by them was therefore not provided by a confidential source within the meaning of ex-

---

1. This information consists solely of the name of a Bureau of Alcohol, Tobacco, and Firearms special agent, names of Department of Justice personnel, names of local law enforcement personnel, and personal information concerning witnesses.

2. It is undisputed that all of the materials withheld by Defendant pursuant to exemption 3 fall within Fed.R.Cr.Pro. 6(e).

3. Pursuant to Local Rule 1–9(h), those facts submitted in Defendant's Statement of Material Facts may be assumed by the Court to be true unless Plaintiff's Opposition controverts the facts. That the information provided by two confidential sources meets the requirements of exemptions 7(C) and 7(D) is not disputed by Plaintiff, with one exception addressed *infra.*

emption 7(D). This contention is without merit. Exemption 7(D) protects disclosure of *information* if an express or implied promise of confidentiality exists between the informant and the agency. Plaintiff's knowledge of the identity of the informant does not entitle him to confidential information supplied by that informant. *Volz v. United States Department of Justice* 619 F.2d 49, 50 (10th Cir. 1980). Because the two individuals had a promise of confidentiality from Defendant, and the information was gathered in the course of a criminal investigation conducted by Defendant, exemption 7(D) permits the withholding of the information.

An appropriate Order follows this Memorandum Opinion.

On Motion For Partial Reconsideration

■ Before the Court is Defendant's Motion for Partial Reconsideration and Plaintiff's Opposition in the above captioned litigation. On April 22, 1981, this Court held that Defendant could not withhold records of grand jury proceedings on the basis of exemption 3 of the Freedom of Information Act, 5 U.S.C. § 552(b)(3). The Court so ruled because it perceived the Court of Appeals' decision in *Founding Church of Scientology v. Bell*, 603 F.2d 945, 951–952 (D.C. Cir.1979) to be dispositive. In *Bell*, the Court held, *inter alia*, that

> [e]xemption 3 is explicitly confined to material exempted from disclosure "by statute," and the Federal Rules of Civil Procedure simply do not meet this description. They are issued by the Supreme Court under rulemaking powers delegated by Congress. *Although proposed rules may be rejected by Congress, they are not affirmatively adopted by the legislature, as all statutes must be.* (emphasis added)

This Court then reasoned that, since the Federal Rules of Criminal Procedure are adopted in an identical manner, it too was not a "statute" for exemption 3 purposes. Thus, the Court held that even though Fed. R.Crim.Pro. 6(e) would otherwise provide a basis for withholding the grand jury information, it did not do so in the instant litigation.

Defendant has now moved this Court to reconsider that aspect of its April 22, 1981 Memorandum and Order, contending that Fed.R.Crim.Pro. 6(e) is indeed a statute. Defendant indicates Congress perceived the need to change an amendment to Rule 6 that had been proposed by the Supreme Court. In 1977, in response to this perception, Congress enacted Pub.L.No. 95–78, 91 Stat. 319 (1977). This legislation resulted in the enactment of the present Fed.R.Crim. Pro. 6, and was affirmatively adopted by both the House of Representatives and the Senate.

Plaintiff claims that (1) the Federal Rules are not statutes, (2) the legislation cited above amended a Federal Rule, (3) amending a non-statute cannot make it a statute, and (4) Fed.R.Crim.Pro. 6(e) is still not a statute within the meaning of exemption 3. This reasoning does not withstand scrutiny. Fed.R.Crim.Pro. 6(e) has been found to have "the full effect of statutory law." *Killough v. U. S.*, 315 F.2d 241, 242 (D.C.Cir.1962). The Court of Appeals' decision in *Bell* would only preclude applying this "full effect" if the Rule was not "affirmatively adopted by the legislature." As the Defendant has shown, however, both houses affirmatively adopted Pub.L.No. 95–78. It is therefore a "statute" within the meaning of exemption 3.

It is abundantly clear that Fed.R.Crim. Pro. 6(e) meets the "anti-discretionary" requirements of exemption 3, and this Court so ruled on April 22, 1981. Thus, Defendant correctly withheld the grand jury materials. It is therefore by the Court this 13th day of May, 1981,

ORDERED, that Defendant's Motion for Partial Reconsideration be and hereby is GRANTED; and it is

FURTHER ORDERED, that Defendant's Motion for Summary Judgment be, and the same hereby is GRANTED regarding all information not disclosed by Defendant.