**BORTON, INC.**

v.

**OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, et al.**

Civ. A. No. 81–4049.

United States District Court, E.D. Louisiana, Section "K".

July 7, 1983.

Hugh M. Glenn, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, La., for plaintiff.

Roy Blondeau, Jr., Asst. U.S. Atty., New Orleans, La., for defendants.

## OPINION

ARCENEAUX, District Judge.

This matter is before the Court on the motion of plaintiff Borton, Inc. ("Borton") for reconsideration of the Court's November 12, 1982 dismissal of its complaint. After a hearing on the motion, the Court ordered the parties to file a transcript of the proceedings before the magistrate and supplemental briefs. Having considered the record, the briefs, and the applicable law, the Court now rules on the motion to reconsider.

## FACTS

On February 13, 1979, an accident occurred at the Bunge Corporation plant site in Destrehan, Louisiana, which resulted in the death of Bunge employee Eugene Loup. The Occupational Safety and Health Administration ("OSHA") conducted an investigation of the accident on or about February 14, 1979. OSHA investigators took the statements of four Bunge employees as part of the investigation. Borton was subsequently named as a defendant in a wrongful death action, and requested the OSHA investigative file on the incident for dis-covery purposes. OSHA provided Borton the four witness statements, but deleted the names and addresses of the witnesses and other identifying information. Borton filed the instant suit under the Freedom of Information Act, 5 U.S.C. § 552, against OSHA and the U.S. Department of Labor to obtain the names of the employee-witnesses.

The parties filed cross-motions for summary judgment in the case. The Court granted Borton's motion for summary judgment and entered judgment on May 11, 1982 ordering defendants to provide Borton the names and addresses. Defendants filed a timely motion for reconsideration, which the Court granted. The matter was referred to a magistrate, who conducted an evidentiary hearing and recommended on July 29, 1982 that the Court withdraw its prior judgment and enter judgment in favor of the defendants. On November 12, 1982, the Court adopted the magistrate's Findings and Recommendations over Borton's objections and ordered that the judgment entered on May 11, 1982 be withdrawn, and that judgment be entered in favor of the defendants, dismissing Borton's complaint. Borton seeks reconsideration of this order.

## LAW

■ OSHA seeks exemption from the disclosure requirements of the Freedom of Information Act under the provisions of 5 U.S.C. § 552(b)(7)(D):

This section does not apply to matters that are . . . .

(7) investigatory records compiled for law enforcement purposes, but only to the extent the production of such records would . . . (D) disclose the identity of a confidential source . . .

It is undisputed that the OSHA files were investigative records compiled for law enforcement purposes. The only issue before the Court is whether the employee-witnesses are confidential sources. A Government agency bears the burden of sustaining its refusal to disclose information under the Act. 5 U.S.C. § 552(a)(4)(B). It is well

established that the agency may meet this burden by proving either that "the person provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred". S.R. No. 1200, 93rd Cong., 2nd Sess. 13, reprinted in (1974) U.S. Code Cong. & Ad.News 6285, 6291; *Radowich v. United States Attorney, District of Maryland,* 658 F.2d 957, 959–60 (4th Cir. 1981); *Lame v. United States Department of Justice,* 654 F.2d 917, 923 (3rd Cir.1981); *Robbins Tire and Rubber Co. v. National Labor Relations Board,* 563 F.2d 724, 733 and n. 31 (5th Cir.1977), *reversed on other grounds,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978); *Lloyd and Henniger v. Marshall,* 526 F.Supp. 485, 487 (M.D.Fla. 1981); *Ramo v. Department of the Navy,* 487 F.Supp. 127, 133 (N.D.Cal.1979); *T.V. Tower, Inc. v. Marshall,* 444 F.Supp. 1233, 1235 (D.D.C.1978). Express assurances of confidentiality were given to the employee witnesses here. (*See,* R.Doc. 32, pp. 23, 24, 26).

 Borton argues that, since the policy of OSHA was to routinely give unsolicited assurances of confidentiality to employee-witnesses (as opposed to persons in higher management or federal agencies, to whom assurances are not given unless solicited), the assurances are "blanket assurances" through which OSHA attempts to circumvent the requirements of the Freedom of Information Act, and thus are not exempted from disclosure under *Nemacolin Mines Corp. v. N.L.R.B.,* 467 F.Supp. 521 (W.D.Pa.1979). While it is clear that the 1974 amendments to Exemption 7 were "... designed to eliminate 'blanket exemptions' for Government records simply because they were found in investigatory files compiled for law enforcement purposes ...", this does not mean that no generic determination can ever be made under that exemption. *Robbins,* 437 U.S. at 236 (discussing specifically Exemption 7(A)). The Court does not agree that the policy of assuring confidentiality to the category of employee-witnesses in the context of OSHA investigations into industrial accidents constitutes an impermissible policy of giving

"blanket assurances" under the Act, and therefore follows the reasoning of *T.V. Tower, supra. See also, Lloyd and Henniger, supra; Colpoys v. O.S.H.A.,* No. 78–839 (W.D.N.Y., June 27, 1980); *United States Steel Corp. v. United States Department of Labor,* No. 82–2142 (W.D.Pa., February 17, 1982).

 Borton also argues that the employee-witnesses cannot be confidential sources because they were informed that they might later be expected to testify at a trial or hearing. The Fifth Circuit Court of Appeals had adopted this position in *Robbins, supra.* The Supreme Court, in reversing the Fifth Circuit, discussed at length the legislative history of the Act and the 1974 amendments to Exemption 7. That history makes clear the congressional intent to protect exempt investigative records from disclosure prior to any hearing, and that witness statements not be made available under the Act until after the witness had actually testified. *See,* 437 U.S. at 225–26 and n. 7. Although the Supreme Court was specifically considering Exemption 7(A) (exemption from production of records that would interfere with enforcement proceedings), the discussion is equally applicable to Exemption 7(D). The Court therefore rejects Borton's argument. Nor does the exemption become unavailable after the investigation has terminated. *Pope v. United States,* 599 F.2d 1383, 1387 (5th Cir.1979).

 Finally, the agency has no duty to seek the witness's permission to waive his confidential status under the Act. *See, Volz v. United States Department of Justice,* 619 F.2d 49, 50 (10th Cir.), *cert. denied,* 449 U.S. 982 (1980). Borton concedes that it seeks the identifying information solely for litigation discovery purposes. The purpose of the Freedom of Information Act is to insure an informed citizenry, not to function as a private discovery tool. *See, Robbins,* 437 U.S. at 242. Accordingly, Borton's motion for reconsideration of the Court's November 12, 1982 order is DENIED. Judgment shall be entered accordingly.

## APPENDIX

### FINDINGS AND RECOMMENDATION
### STATEMENT OF THE CASE

MICHAELLE PITARD WYNNE, United States Magistrate.

On February 13, 1979 an accident occurred at the Bunge plant site in Destrehan, Louisiana which resulted in the death of Eugene Loup. On or about February 14, 1979 the Occupational Safety and Health Administration, herein referred to as OSHA, conducted an investigation of this incident. Four statements of employee-witnesses were taken.

Borton, Inc., the Plaintiff herein, is a named Defendant in a wrongful death action pending in this Court, Alma F. Loup, et al. v. Borton, Inc., et al., CA # 79–3757. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, Borton, Inc. requested OSHA to produce its entire investigative file pertaining to the incident. As a result of its dissatisfaction with the administrative disclosure, Borton, Inc. filed the captioned suit.[1]

By judgment entered May 11, 1982 the Honorable George Arceneaux, Jr. ordered OSHA to provide the Plaintiff with the names and addresses of the witnesses. On May 14, 1982 OSHA filed a motion for reconsideration which was granted on June 23, 1982. The captioned matter was referred to the undersigned Magistrate for an evidentiary hearing relative to the validity of the asserted exemption of confidentiality, Exemption 7(D) relied upon by OSHA in its refusal to disclose the deleted information.

### ISSUE

The sole issue presented for determination is whether the names, addresses and other identifying comments contained in the four witness-employee's statements to the OSHA investigator are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(D).

### FINDINGS OF FACT

The evidentiary hearing consisted of the testimony of Betty Jean Wilson, Safety Supervisor for OSHA, and W. Womack, the OSHA Safety Inspector who took the four statements and copies of the four statements with deletions. Based on the evidence I find that:

#### I.

OSHA is an agency of the United States of America responsible for enforcement of the Occupational and Health Safety Act and associated regulations. The duties of OSHA include the investigation of work related accidents and inspections of work places in order to insure that industry is providing safe and healthy work places.

#### II.

In investigating accidents it is normal procedure for OSHA inspectors to go to the accident location, take photographs and measurements, conduct a general "walk around" inspection of the work site, obtain names of individuals who have knowledge relating to the actual accident or general factors surrounding and pertinent to the accident, and to interview witnesses as deemed necessary.

#### III.

It is normal and usual procedure for OSHA inspectors to take written statements from employee-witnesses.[2] After the prospective employee-witness identifies himself and the OSHA inspector gives a short explanation of the purpose of the discussion, it was at all pertinent times usual and customary procedure, in accordance with OSHA policy, for the inspector to advise the prospective employee-witness that his statement would be kept in confidence.

---

1. OSHA gave Borton, Inc. a copy of the four statements; however, the names and addresses of the witnesses and other identifying comments were deleted from the statements.

2. An employee-witness is defined as a witness from the general labor force, i.e. not a member of management, who is employed by the company who is under investigation.

In accordance with customary procedure, the prospective employee-witness was also advised that in the event that his employer was given an OSHA citation and the employer contested the citation he may be subpoenaed to testify. Employee-witnesses were further advised that it is only in a very limited number of cases that testimony is needed i.e. in less than 5% of the cases.

#### IV.

Based on past experience, Mr. Womack and Ms. Smith testified that employees are generally reluctant to give statements adverse to their employers for fear of retaliation. The assurance of confidentiality generally alleviates this reluctance; however, it is occasionally necessary to repeat the assurance of confidentiality several times during the interview between the inspector and the employee.

#### V.

The statements of employee-witnesses are a vital and necessary element of an investigation.

#### VI.

OSHA inspectors do not routinely and customarily give assurance of confidentiality prior to interviews with members of higher management, federal employees of other agencies who have information needed by the investigator,[3] and state employees; however, if an individual requests an assurance of confidentiality, it is normally and usually given.

#### VII.

The underlying purpose for giving the assurance of confidentiality is to encourage individuals to freely, completely and truthfully disclose information to the investigator without fear of retaliation or reprisal.

#### VIII.

On or about February 14, 1979 W. Womack, an OSHA investigator, was assigned to investigate an accident involving Eugene Loup at the Bunge Corporation work site located at Destrehan, Louisiana. In conjunction with this investigation, Mr. Womack spoke with four employee-witnesses and obtained written statements from each witness. Prior to discussing the facts relating to the accident under investigation Mr. Womack, in accordance with his customary and usual procedure, assured each witness that his statement would be confidential.[4]

### CONCLUSIONS OF LAW

#### I.

It is now settled that Courts must broadly construe the Freedom of Information Act in favor of disclosure. Documents maintained by a federal agency must be made available, upon demand, to any member of the general public unless the requested material falls within one of the statutory exemptions contained in the Act, *Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *NLRB v. Robbins Tire and Rubber Company,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978).

#### II.

The exemption, 7(D), relied upon by the Defendant as authority for withholding the names and addresses of the witnesses whose statements were taken by Mr. Womack provides that the Freedom of Information Act, 5 U.S.C. § 552, does not apply to "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would . . . disclose the identity of a confidential source . . .". This exemption protects the identity of a confidential source, *Lame v. United*

---

**3.** Employees of the United States Coast Guard, E.P.A. and other similar agencies were cited as an example by Ms. Smith in her testimony.

**4.** Mr. Womack testified that he had no independent recollection of taking the statements; however, he stated unequivocally that all four witnesses were given assurances of confidentiality since he always assured employee-witnesses that their statements would be confidential.

*States Department of Justice,* 654 F.2d 917 (3rd Cir., 1981).

## III.

In reaching a determination relative to the applicability of Exemption 7(D) the Court must determine whether the documents constitute "investigatory records compiled for law enforcement purposes" and if so, whether the release would "disclose the identity of a confidential source" *Pope v. United States,* 599 F.2d 1383 (5th Cir., 1979).

## IV.

The term "law enforcement purposes" refers to civil and regulatory proceedings as well as to criminal matters, *Pope v. United States,* Supra at 1386. It is clear that the statements in question are "investigatory records compiled for law enforcement purposes". The statements were taken in connection with an official OSHA investigation conducted by OSHA in compliance with its statutory obligation to enforce the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq., 29 C.F.R. 1903.1 et seq.

## V.

"Confidential" as used in Exemption 7(D) refers to information given "in confidence or trust". A confidential source is a person who provides information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred, *Lame v. United States Department of Justice,* 654 F.2d 917 (3rd Cir., 1981).

## VI.

Confidential information is not secret information. The fact that the identity of the source of the information may be obtained from other means does not dissolve or diminish the protection from compelled disclosure as provided in Exemption 7(D) of the Freedom of Information Act, *Radowich v. United States Attorney, District of Maryland,* 658 F.2d 957 (4th Cir., 1981).

## VII.

It is clear from a review of the legislature history of exemption 7(D) that Congress specifically intended that a federal agency be allowed to withhold the identity of a confidential source where the investigatory records were compiled for either civil or criminal law enforcement purposes. The fact that the source may be called as a witness does not destroy exemption 7(D) relative to the assurance of confidentiality, *Sands v. Murphy,* 633 F.2d 968 (1st Cir., 1980); Joint Explanatory Statement of the Committee of Conference, Conference Report No. 93–1200, 1974, United States Code Cong. & Admin.News, Pgs. 6267, 6291; 120 Cong.Rec. 17034; *T.V. Tower, Inc. v. Marshall,* 444 F.Supp. 1233 (D.D.C.1978).

## VIII.

From the evidence presented at the evidentiary hearing I find that OSHA does not give blanket assurances of confidentiality to all prospective declarants. Rather, it is the policy of OSHA to give assurances of confidentiality to only those prospective declarants, i.e. employee-witnesses, which, based upon past experience, it deems necessary to overcome the reluctance of the witness to provide information based upon a fear of retaliation or reprisal, *T.V. Tower, Inc. v. Marshall,* 444 F.Supp. 1233 (D.D.C.1978); *Nemacolin Mines Corp. v. NLRB,* 467 F.Supp. 521 (D.C.Pa., 1979).

## IX.

The fact that the OSHA investigation is now closed does not effect the disclosure of the identity of the confidential sources. The underlying purpose behind exemption 7(D) is to protect those individuals who furnish controversial information to government agencies. This policy would be severely undermined if disclosure of the identity of the source was permitted either before or after completion of the investigation, *Pope v. United States,* 599 F.2d 1383 (5th Cir., 1979).

## X.

It is clear that OSHA through the actions of its inspector, W. Womack, gave assurances of confidentiality to the four witnesses whose identity is now being sought. Based upon the foregoing findings of fact and the applicable law I conclude that the identity of the source of the statements deleted from the four statements is a proper withholding of information as provided by in Section 7(D) of the Freedom of Information Act.

## RECOMMENDATION

It is recommended that the Judgment entered May 11, 1982 be withdrawn and that the Court direct the entry of a new Judgment in favor of the Defendants, Occupational Safety and Health Administration and United States Department of Labor, and against the Plaintiff, Borton, Inc., dismissing the complaint with prejudice and further directing that each party is to bear its own costs.