Walter L. GERASH, Plaintiff,

v.

Honorable William French SMITH, Attorney General of the United States; Honorable William H. Webster, Director of the Federal Bureau of Investigation; United States Department of Justice; and United States Drug Enforcement Administration, Defendants.

Civ. A. No. 81–Z–49.

United States District Court,
D. Colorado.

Feb. 27, 1984.

Sander N. Karp, Karp, Goldstein & Stern, Denver, Colo., for plaintiff.

John R. Barksdale, Asst. U.S. Atty., Denver, Colo., for defendants.

ORDER RULING ON MOTION FOR
SUMMARY JUDGMENT

WEINSHIENK, District Judge.

The matter before the Court is defendants' Motion for Summary Judgment. Jurisdiction to consider the issues is found in the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(B), and in the Privacy Act of 1974, 5 U.S.C. § 552a(g)(1).

Plaintiff seeks release of information which has been deleted from agency files

he requested to review under the FOIA and Privacy Act. Plaintiff's requests were made to the Drug Enforcement Administration (DEA) and to the Federal Bureau of Investigation (FBI). Both agencies claim that the deletions of material from files in which plaintiff's name appears are permitted under the FOIA exemptions set forth in 5 U.S.C. § 552(b). Thus, the Court must consider whether the agencies in question have properly withheld the deleted information. After reviewing the pleadings and memoranda of the parties, the file in this action and the relevant case law, the Court is now fully advised and prepared to rule.

## I. STANDARD OF REVIEW

Plaintiff's requests for agency files have produced three distinct types of records: (1) a single DEA file, naming an individual other than the plaintiff as the primary file subject, but which contains a reference to the plaintiff; (2) a single FBI file in which plaintiff is the primary subject; and (3) several FBI files in which plaintiff's name is referenced although he is not the primary subject.

■ The basic policy of the FOIA favors disclosure. *Department of the Air Force v. Rose*, 425 U.S. 352, 360–61, 96 S.Ct. 1592, 1598–99, 48 L.Ed.2d 11 (1976). Moreover, "[t]he Privacy Act of 1974 generally permits an individual to obtain access to agency records concerning him." *Volz v. United States Dept. of Justice*, 619 F.2d 49, 49 (10th Cir.), *cert. denied*, 449 U.S. 892, 101 S.Ct. 397, 66 L.Ed.2d 244 (1980). Both the FOIA and the Privacy Act place the burden on the agency to sustain its actions when material is exempted. 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552a(g) (3)(A).

In reviewing exemptions under the FOIA, this Court determines de novo the propriety of withholding the information, and may in its discretion conduct an in camera review of the documents themselves. 5 U.S.C. § 552(a)(4)(B).

The review process was described in *Stein v. Department of Justice & FBI*, 662 F.2d 1245, 1253 (7th Cir.1981):

The agency has the burden of sustaining its claim of exemption. It can discharge that burden by the submission of affidavits that (1) describe the withheld documents and the justifications for non-disclosure with reasonably specific detail, (2) demonstrate that the information withheld falls logically within the claimed exemption, and (3) are not controverted by either contrary evidence in the record or by evidence of agency bad faith. [Citations omitted.] If this burden is met, then summary judgment for the government is appropriate without an *in camera* review of the documents.

*Vaughn v. Rosen*, decided prior to *Stein*, provides further guidance on what constitutes "reasonably specific detail" for government affidavits in FOIA cases. In *Vaughn* the court required that such affidavits include a detailed justification for each exemption claimed, and contain an indexing system which relates each specific exemption to the specific portion of the document to which the exemption applies. *Vaughn v. Rosen*, 484 F.2d 820, 826–828 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

In response to the Court's Order granting Plaintiff's Motion to Require Defendants to Give Detailed Justification Itemization and Indexing, the defendants have submitted sworn declarations by DEA and FBI officials to support the deletions made by the respective agencies. Thus, the question now presented is whether the declarations satisfy the requirements set forth in *Stein* and *Vaughn*. The Court will apply these requirements to each of the three types of records produced in this case.

## II. AGENCY RECORDS PRODUCED

### A. THE DEA FILE

■ The DEA file, in which plaintiff's name appears, primarily concerns a DEA investigation of a third person, not a party to this suit. The *Vaughn* index provided as Exhibit J to the Declaration of John J. Farley, Jr., is sufficiently detailed to enable the Court to determine that plaintiff has received all of the information to which he is entitled. It is apparent from the index

that plaintiff is referenced only as one of a list of seventy-eight associates of the primary subject of the file. The remainder of the file's contents do not pertain to plaintiff in any meaningful way which would mandate further disclosure, notwithstanding the claimed exemptions. Thus, the Court will grant defendants' Motion for Summary Judgment to the extent that no further DEA file information need be provided to the plaintiff under his FOIA request to that agency.

## B. THE PLAINTIFF'S FBI FILE

■ A satisfactory *Vaughn* index has not been provided for the deletions concerning the FBI file of which plaintiff is the primary subject. In fact, the McCauley and Cunningham declarations submitted in support of the claimed exemptions rarely refer specifically to the deletions in the file material. Instead, the declarations outline generally the explanations for each of the exemptions, and explain the shorthand code by which each exemption is noted on each page of the relevant documents. The declarations do not give a specific, factual context related to this plaintiff's case to justify the exemptions. For this reason, the Court has more difficulty in approving the deletions.

In addition, it appears to the Court that the claimed exemptions are overbroad in their application to plaintiff's file. To cite one example, the FBI has claimed an exemption under 5 U.S.C. § 552(b)(7)(C) for the name and street address of an individual to whom plaintiff authored a letter. The contents of the letter are provided, as well as the city and state of the address. The claimed exemption applies to "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy." It is difficult to justify this exemption when it is obvious that plaintiff need only scratch the surface of his memory to supply the deleted information. Other examples of questionable exemptions exist in the file.

Moreover, in many instances the justifications provided for each exemption are too vague, too general, or too conclusory to be of much assistance to the Court in making a de novo determination. With only the documents containing the deletions to review, the Court must make its determination either from the context of the deletion (often an impossible task where entire sections of documents are deleted), or from the generalized explanation provided by the agency for the deletion.

When the same general explanation for an exemption applies in each and every instance where the exemption is claimed, as is the case here, the justification is inadequate under the specificity requirements enunciated in *Vaughn* and *Stein*. Based on the explanations provided by the FBI, the Court is unable to distinguish the appropriate exemptions from those that are inappropriate. Thus the Court concludes that the FBI has not met its statutory burden as to these materials, and will deny defendants' Motion for Summary Judgment as it applies to the plaintiff's own FBI file.

There remains, of course, the option for the Court to order an in camera review of the unedited materials, pursuant to 5 U.S.C. § 552(a)(4)(B). However, agencies can not, and should not, depend on in camera review of documents by the Court in lieu of prevailing on summary judgment. In camera review is discretionary, and only to be used sparingly. *See Cox v. United States Department of Justice*, 576 F.2d 1302, 1311 (8th Cir.1978). It is not a substitute for, nor an automatic procedure to use in the event of, inadequate affidavits submitted by the agency in a summary judgment motion. Indeed, to consistently adopt in camera review as the fall-back mechanism to resolve FOIA exemption disputes is to transfer, in effect, the agencies' statutory burden to the courts. *See Stein*, 662 F.2d at 1252–56; *Vaughn*, 484 F.2d at 824–26.

This Court is well aware of, and sympathetic to, the heavy burden placed on agencies by the FOIA and Privacy Act to com-

ply with requests for information. Several items of agency correspondence, directed to plaintiff during the processing of his original requests, detail the administrative backlogs which accounted for many of the delays plaintiff experienced. Indeed, the problem is more acute for agencies in the forefront of the investigatory and information gathering process, such as the agencies in this dispute. Nevertheless, it is evident that Congress has chosen to delegate this task to the agencies, by giving the agencies the responsibility of determining in the first instance whether to exempt requested information. Administrative difficulties in processing numerous requests do not excuse shifting the burden of justifying exemptions to the courts, through conclusory affidavits or otherwise. If an agency expects to prevail on summary judgment in FOIA cases, it must meet the requirements of the FOIA as construed by the courts. As stated in *Vaughn,*

[w]hen the Government makes a general allegation of exemption, the court may not know if the allegation applies to all or only a part of the information. Isolating what exemptions apply to what parts of a document makes the burden of evaluating allegations of exemption even more difficult.

Such an investment of judicial energy might be justified to determine some issues. In this area of the law, however, we do not believe it is justified or even permissible. The burden has been placed specifically by statute on the Government. Yet under existing procedures, the Government claims all it need do to fulfill its burden is to aver that the factual nature of the information is such that it falls under one of the exemptions. At this point the opposing party is comparatively helpless to controvert this characterization. If justice is to be done and the Government's characterization adequately tested, the burden now falls on the court system to make its own investigation. This is clearly not what Congress had in mind.

484 F.2d at 825–26.

In view of the foregoing discussion, the Court is prepared to let the matter proceed to a full evidentiary hearing, including oral testimony, to permit the plaintiff to prove his case. Such a hearing is entirely permissible under the FOIA. 5 U.S.C. § 552(a)(4)(D); *see Environmental Protection Agency v. Mink,* 410 U.S. 73, 93–94, 93 S.Ct. 827, 838–39, 35 L.Ed.2d 119 (1973); *Westinghouse Electric Corp. v. Schlesinger,* 542 F.2d 1190, 1207–08, 1214–15 (4th Cir.1976), *cert. denied,* 431 U.S. 924, 97 S.Ct. 2199, 53 L.Ed.2d 239 (1977). However, the Court would request the FBI to review the deleted material for possible further disclosure to plaintiff consistent with the FOIA and with this opinion. If, after the review and any subsequent disclosure, the parties are not able to resolve their remaining differences, defendants may file a second Motion for Summary Judgment only by providing this Court with a *Vaughn* index containing specific justifications for the exemptions, referring explicitly to the individual documents at issue.

## C. THE OTHER FBI FILES

The same problem of a lack of specificity in the supporting declarations applies to the other FBI files, which contain various references to the plaintiff although he is not the primary subject. As in the preceding section, no satisfactory *Vaughn* index has been supplied. The defendants rely on the same declarations as were submitted for plaintiff's own FBI file. Conceivably, the plaintiff's interest in disclosure of the deleted material in these files is not as strong as in his own FBI file, in view of the potentially countervailing third-party interests in their own privacy. As the matter presently stands, however, the Court is without sufficient information to determine these questions.

Thus, in line with the Court's discussion in the preceding section of this opinion, the Court will deny defendants' Motion for Summary Judgment as it applies to these files, subject to the same conditions of renewal set forth in part II(B).

Accordingly, it is

ORDERED that defendants' Motion for Summary Judgment is granted in part and denied in part, consistent with this opinion. It is

FURTHER ORDERED that judgment is entered in favor of defendant United States Drug Enforcement Administration for dismissal with prejudice, each party to pay his or its own costs.