**LLOYD AND HENNIGER, Plaintiff,**

**v.**

**F. Ray MARSHALL, Secretary of Labor, Defendant.**

**No. 79–1313 Civ. T–K.**

United States District Court,
M. D. Florida,
Tampa Division.

Oct. 27, 1981.

John A. Lloyd, Jr., Lloyd & Henniger, St. Petersburg, Fla., for plaintiff.

Don Paul Cox, Asst. U. S. Atty., Tampa, Fla., for defendant.

## ORDER

KRENTZMAN, Chief Judge.

The Court has for consideration defendant's motion for summary judgment, filed March 13, 1981. Plaintiff was directed to respond if it opposes the motion, but has not done so.

Plaintiff law firm represents the estate of Gary Callan, who was killed in an industrial accident in 1977. OSHA investigated the accident soon after it occurred, and a report resulted from that investigation. Plaintiff requested a copy of that report, and OSHA immediately released a portion thereof. Plaintiff took an administrative appeal from OSHA's partial denial, and the Solicitor of Labor decided that appeal in plaintiff's favor, giving plaintiff the entire file with the exception of a very few documents still withheld in whole or in part. Plaintiff now sues under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976), seeking the portions so withheld.

The material plaintiff seeks in this action is of three types: certain opinions and recommendations of the compliance officer that investigated the accident, the home addresses of certain witnesses to the accident and of several employees, and those portions of certain witnesses' statements that would reveal the identities of the witnesses. OSHA cites several exemptions from FOIA's disclosure requirement, notably exemptions 5, 7(C), and 7(D), 5 U.S.C. §§ 552(b)(5), 552(b)(7)(C), 552(b)(7)(D). Each will be discussed in turn.

First, OSHA argues that the opinions and recommendations of the compliance officer made in the course of investigating the accident are exempt under exemption 5, 5 U.S.C. § 552(b)(5). The Supreme Court construed exemption 5 in *NLRB v. Sears, Roebuck and Company,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). The *Sears* Court read exemption 5 to incorporate the privileges traditionally available in the context of discovery, most importantly for present purposes the deliberative process or executive privilege. This privilege is primarily aimed at safeguarding the quality of agency decision-making, and its protection is strongest when the material to be disclosed relates to "communications received by the decision-maker on the subject of the decision prior to the time the decision is made." *Id.* at 151, 95 S.Ct. at 1517. The opinions and conclusions reached by the compliance officer as the result of his investigation represent precisely this kind of predecisional communication, for the compliance officer's recommendations and opinions are used by the OSHA in deciding what agency action should follow. *See* Petters Affidavit at 6–7. This conclusion is not

weakened by the fact that OSHA also uses the compliance officer's conclusions in formulating general agency policy. *See Sears, supra,* 421 U.S. at 151 n.18, 95 S.Ct. at 1517 n.18. The attorney-client privilege is also properly triggered in this case to prevent disclosure of a communication between the compliance officer's supervisor and an attorney with the Solicitor of Labor. *See Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 862–66 (D.C.Cir.1980). Thus, this information falls squarely within the protection of exemption 5.

■ OSHA next argues that the home addresses of several witnesses and employees can be withheld under exemption 7(C), 5 U.S.C. § 552(b)(7)(C), which exempts "investigatory records compiled for law enforcement purposes, but only to the extent that production of such records would . . . (C) constitute an unwarranted invasion of personal privacy . . . ." In deciding whether a particular disclosure represents an "unwarranted invasion of personal privacy," this Court must balance "the individual's privacy interest in non-disclosure against the public interest in disclosure." *Department of the Air Force v. Rose,* 425 U.S. 352, 370–73, 96 S.Ct. 1592, 1603–05, 48 L.Ed.2d 11 (1976).

■ The privacy interest of the witnesses and employees is substantial, as disclosure of their home addresses would subject them to precisely the harm that exemption 7(C) was intended to prevent. *See McCorstin v. Department of Labor,* 630 F.2d 242 (5th Cir. 1981). The factors weighing in favor of disclosure are slight. "[T]he disclosure provisions of FOIA are not a substitute for discovery, and a party's asserted need for documents in connection with litigation will not affect, one way or the other, a determination of whether disclosure is warranted under FOIA." *Columbia Packing Co. v. United States Department of Agriculture,* 563 F.2d 495 (1st Cir. 1977); *see Sears, supra,* 421 U.S. at 143 n.10, 95 S.Ct. at 1513 n.10. This is not a case involving the efficiency or propriety of agency action, and the public interest in having information about such matters is of no weight in the balance. Cf. *Columbia Packing, supra; Deering Milliken, Inc. v. Irving,* 548 F.2d 1131, 1136–37 (4th Cir. 1977). This Court therefore finds that the personal interest of the employees and witnesses in maintaining their privacy outweighs any public interest that might be served by disclosure.

■ Finally, OSHA would withhold the identities, and statements that would reveal the identities, of certain of witnesses who were interviewed in the course of the investigation. Exemption 7(D), 5 U.S.C. § 552(b)(7)(D), protects records compiled for law enforcement purposes to the extent production of such records would reveal the identity of a confidential source. The witnesses in this case were given express assurance that their statements and identities would remain confidential, and were therefore "confidential informants" within the meaning of exemption 7(D). *See Hennessy Affidavit. See also Deering Milliken, supra,* 548 F.2d at 1136–37. These were not blanket assurances. Rather, they were necessary in light of the power of employer over employee, which has been recognized in an analogous context by the Supreme Court. *See NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 239, 98 S.Ct. 2311, 2325, 57 L.Ed.2d 159 (1978) (unfair labor practices investigation). OSHA's mission frequently involves the same problem. *See T.V. Tower v. Marshall,* 444 F.Supp. 1233 (D.D.C.1978) (implied assurance found). *See also* Occupational Safety and Health Act of 1970, § 11(c), 29 U.S.C. § 660(c) (1976). The identities of these employee-witnesses and any statement that might reveal their identities are therefore exempt from disclosure under FOIA.

Accordingly, this Court is of the opinion that defendant's motion for summary judgment should be, and it is hereby GRANTED.