## UNITED STATES STEEL CORPORATION, AMERICAN BRIDGE DIVISION, Plaintiff,

v.

## UNITED STATES DEPARTMENT OF LABOR, Defendant.

### Civ. A. No. 82–2142.

United States District Court,
W.D. Pennsylvania.

Feb. 18, 1983.

C. Richter Taylor, Jr., Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for plaintiff.

Joel Strauss, Asst. U.S. Atty., Pittsburgh, Pa., Sofia P. Petters, Counsel, Richard T. Galgay, U.S. Dept. of Labor, Washington, D.C., for defendant.

MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

This action was brought under The Freedom of Information Act (FOIA), 5 U.S.C.

§ 552 (1976). Plaintiff, United States Steel Corporation, American Bridge Division, seeks disclosure of information contained in the files of the Occupational Safety and Health Administration (OSHA), concerning OSHA's investigation of an accident which occurred at the construction site of One Oxford Center, Pittsburgh, Pennsylvania on July 27, 1981. Plaintiff is seeking this information for use in a lawsuit brought against it by an injured employee of H.H. Robertson Company. Plaintiff requested from OSHA, on June 21, 1982, copies of the records involved, pursuant to procedures under The Freedom of Information Act for the release of agency investigatory records. Defendant responded on June 24, 1982 by disclosing the records requested with certain deletions. It asserted that the material deleted was exempt from disclosure pursuant to 5 U.S.C. §§ 552(b)(5) and (b)(7). Plaintiff filed an administrative appeal from the partial denial of its request, and a short time later requested expedited consideration. It appears that defendant did proceed with the claim on an expedited basis, denying the appeal on September 23, 1982, in reliance on 5 U.S.C. § 552(b)(7). This was the final agency action for purposes of judicial review. Plaintiff, having exhausted its administrative remedies, brought the present action under 5 U.S.C. § 552(a)(4)(B) to obtain preliminary and permanent injunctive relief against defendant, enjoining defendant from withholding the requested information and ordering defendant to disclose this information. Motions for summary judgment by both parties are before the Court.

■ Plaintiff initially contends that it needs the requested information due to the fact that litigation is pending against it. It argues that OSHA recognized this need by agreeing to handle the disclosure request on an expedited basis. However, the fact that litigation is pending in which information obtained under FOIA may be used has no bearing on the disclosability of that information under the Act. *Kanter v. Internal Revenue Service,* 433 F.Supp. 812 (N.D.Ill. 1977). In addition, plaintiff has failed to recognize that the disclosure provisions of FOIA do not substitute for discovery. Need for a document in connection with litigation is not determinative as to disclosure under FOIA. *Columbia Packing Co. v. U.S. Department of Agriculture,* 563 F.2d 495 (1st Cir.1977).

■ Both parties present arguments under 5 U.S.C. § 552(b)(7). The statute, in pertinent part, exempts from disclosure

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would . . . (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source . . .

Plaintiff first contends that the records compiled by Compliance Safety and Health Officer Jervis were not investigatory records compiled for law enforcement purposes. In support of this contention, it relies upon *Committee on Masonic Homes v. NLRB,* 556 F.2d 214 (3d Cir.1977), in which it was held that union authorization cards were not records compiled for law enforcement purposes. More specifically plaintiff relies upon the interpretation given *Masonic Homes* in *Lame v. United States Department of Justice,* 654 F.2d 917 (3d Cir.1981), where the court stated:

. . . we do not read *Masonic Homes* as standing for the principle that once a law enforcement proceeding has been completed, the compiled records lose their protection, because the proceeding is no longer pending. It only supports the view that a mere hypothetical possibility of a future enforcement proceeding is not sufficient to treat records as law enforcement records when there is no pending, *and has been no prior,* enforcement proceeding.

*Id.* at 922 n. 5 (emphasis in original).

Plaintiff's reliance is inapposite. There is a fundamental difference between a union authorization card, submitted to the NLRB to support an election petition, in a case where there were no concurrent unfair labor practice charges against the employer, and statements taken by an OSHA repre-

sentative in connection with an investigation under the OSH Act. The union authorization card was not "compiled" by the NLRB, and did not come into the hands of that agency in the course of any investigation. Officer Jervis' reports, in contrast, were compiled in connection with his investigation of the accident at One Oxford Center, conducted pursuant to section 8 of the Occupational Safety and Health Act, 29 U.S.C. § 657. Such an investigation has explicitly been held a law enforcement proceeding in *Borton, Inc. v. Occupational Safety and Health Administration,* # 81–4049, E.D.La., August 3, 1982. In addition, the NLRB's record of statements made to its investigator during the course of an unfair labor practice charge investigation (a record clearly more akin to the OSHA record here in question than the authorization cards involved in *Masonic Homes* ) was held as "obviously fall(ing) under 'investigatory records compiled for law enforcement purposes' " in *Nemacolin Mines Corp. v. NLRB,* 467 F.Supp. 521 (W.D.Pa.1979).

Once it has been determined that a document is an "investigatory record compiled for law enforcement purposes," it is protected only if particular tests are met. Defendant asserts the applicability of Exemptions 7(C) and 7(D) to the materials withheld.

Exemption 7(C) protects those records the release of which would "constitute an unwarranted invasion of personal privacy." The standard for review of a claim of exemption under this section was set forth in *Ferri v. Bell,* 645 F.2d 1213, 1217 (3d Cir. 1981):

> ... The proper approach to Ferri's request under a privacy-based exemption such as 7(C) is a *de novo* balancing test, weighing the privacy interest and the extent to which it is invaded, on the one hand, against the public benefit that would result from disclosure on the other. (citations omitted)

Such a balancing test was applied in *Lloyd and Henniger v. Marshall,* 526 F.Supp. 485 (M.D.Fl.1981) when the home addresses of witnesses interviewed by OSHA were

sought. The court concluded that the substantial privacy interest of witnesses was greater than the interest of the party seeking disclosure, and that no public interest would be served by the release of the information sought. Here, United States Steel advances the idea that the names, addresses and phone numbers of the witnesses sought will be obtained through the discovery process in any event and thus do not constitute personal matters properly exempted under 7(C). Without addressing the question of whether any employee could be linked through the discovery process to the particular testimony in issue, we conclude that while plaintiff has indicated a private desire to have the information about witnesses, the purpose of the OSH Act to encourage witnesses to speak freely, and the lack of a public interest in the identities of these witnesses, brings the information sought within the 7(C) Exemption.

Exemption 7(D) protects those records the production of which would "disclose the identity of a confidential source...". Plaintiff contends that the "blanket" grant of confidentiality given by Officer Jervis to the witnesses here removes them from the scope of this section. However, under *Lame v. U.S. Dept. of Justice,* 654 F.2d 917 (3d Cir.1981), a person is a confidential source where his information was provided "under an express assurance of confidentiality." *Id.* at 923, citing S.Rep. No. 1200, 93d Cong., 2d Sess. 13 (1974), U.S.Code Cong. & Admin.News 1974, p. 6267. This approach was followed in *Miles v. U.S. Department of Labor,* 546 F.Supp. 437 (M.D. Pa.1982), and appears to be the better approach. The OSHA officer, when he conducts his investigation, may not initially be able to determine the likelihood that an action will arise from it. It is expressly acknowledged by defendant that an OSHA officer's assurance of confidentiality is conditional—that interviewees are told that they may be called as witnesses in future proceedings (Jervis affidavit at 2). To require the officer to be able to give even less of an assurance of confidentiality, based on a speculative analysis of whether this particular third party would "be reluctant to

provide ... information if (his) identit(y) were likely to be made public," *T.V. Tower Inc. v. Marshall,* 444 F.Supp. 1233 (D.D.C. 1978), would be a crippling restraint on OSHA's ability to obtain information necessary to carry out its function. For the above reasons, Exemption 7(D) is applicable to the witness statements in issue.

Therefore, plaintiff's motion for summary judgment will be denied; defendant's motion for summary judgment will be granted.