740 F.2d 919
 11 O.S.H. Cas.(BNA) 2231, 1984-1985 O.S.H.D. ( 27,036
 L & C MARINE TRANSPORT, LTD., Oswego Latex Carrier Corp.,
and the Firestone Tire & Rubber Co., Plaintiffs-Appellees,
v.
UNITED STATES of America, Dept. of Labor, Occupational
Safety and Health Administration, Defendants-Appellants.
 No. 83-8328.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 4, 1984.
 
 G.R. Smith, Asst. U.S. Atty., Savannah, Ga., for defendants-appellants.
 Richard T. Galgay, Sofia P. Peters, Washington, D.C., for Dept. of Labor.
 Leonard Schaitman, Jenny Sternbach, Civil Division, Dept. of Justice, Washington, D.C., for U.S.
 John Hughes Cooper, Charleston, S.C., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Georgia.
 Before RONEY, FAY and CLARK, Circuit Judges.
 CLARK, Circuit Judge:
 
 
 1
 In this case, L & C Marine Transport, Oswego Latex Carrier Corp. and Firestone Tire & Rubber Co., plaintiffs-appellees, sued to compel the disclosure of names and other identifying information pertaining to individuals interviewed by the Occupational Safety and Health Administration (OSHA), defendant-appellant. L & C previously sought disclosure of an OSHA accident investigation file under the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552 et seq. OSHA released most of the file but deleted the names, addresses and other identifying information regarding employee-witnesses to the accident. OSHA argued that this information was free from disclosure under FOIA exemptions, Sec. 552(b)(7)(C) and (D),[1] and refused to release this information. After exhausting its administrative remedies in an attempt to obtain complete disclosure, L & C filed the present case before the District Court for the Southern District of Georgia. OSHA moved for summary judgment arguing that the information was exempt under 7(C) and (D).
 
 
 2
 The facts in the case are largely undisputed. In May of 1981, Johnny Ward, a longshoreman, was seriously injured in a work-related accident aboard the M/V OSWEGO PLANTER. Pursuant to the Occupational Safety and Health Act, 29 U.S.C. Sec. 657, OSHA conducted an investigation of the accident.[2] In the course of that investigation, the OSHA officer obtained the names of all the longshoremen working on the boat and interviewed the four men working with Ward at the time of the accident. The OSHA investigator advised these four employee-witnesses that their identities would be kept in confidence with respect to the information they offered about the accident and safety conditions unless they declined the confidentiality. One of the four co-workers declined but the other three workers accepted the assurance of confidentiality. See Brown Affidavit, R. at 94.[3] Ward later filed suit against L & C and the other plaintiffs-appellees. L & C then sought access through FOIA to the accident file in order to obtain complete written statements as evidence against Ward's personal injury suit and for a pending limitation of liability proceeding. When OSHA refused to release the names and other identifying information arguing that such action would constitute an unwarranted invasion of privacy ((7)(C)) and disclose the identity of a confidential source ((7)(D)), the litigation in this case began. The district court found that the information was not properly exempt under either FOIA exemption, denied OSHA's motion for summary judgment and ordered the agency to disclose the requested information. OSHA then filed this appeal arguing that the district court misconstrued the purpose and extent of the FOIA exemptions.
 
 
 3
 The Freedom of Information Act was enacted to provide public access to most forms of government records. In order to effectuate the Act's policy in favor of disclosure, F.B.I. v. Abramson, 456 U.S. 615, 621, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982), all FOIA exemptions are to be narrowly construed. Department of Air Force v. Rose, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). Exemptions 7(C) and (D) were created to prevent disclosure of investigatory purposes to the extent that production would result in an unwarranted invasion of personal privacy or reveal the identity of a confidential source. Both parties agreed and the district court found that the information sought here consists of investigatory records complied for law enforcement purposes. What remains at issue is whether disclosure of the information requested by L & C and the other companies would invade the personal privacy of the employee-witnesses or reveal the identity of any confidential sources.
 
 Exemption 7(C)
 
 4
 The district court had an adequate factual basis for determining whether releasing the names and other identifying information related to Ward's co-workers would constitute an unwarranted invasion of privacy. The court had before it the names and statements of the employee-witnesses interviewed as well as memorandum submitted by both parties. As a matter of law in determining whether a particular disclosure represents an unwarranted invasion of privacy, the district court must balance the individual's privacy interest against the public interest in disclosure. See Department of Air Force v. Rose, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976), and reference to congressional history at 96 S.Ct. 1604-05; and New England Apple Council v. Donovan, 725 F.2d 139, 143 (1st Cir.1984), and cases cited therein. Lloyd and Henniger v. Marshall, 526 F.Supp. 485, 487 (M.D.Fla.1981); Atty. General's Memorandum on 1974 Amendments to FOIA, Freedom of Information Act and Amendments of 1974 (P.L. 93-502), Source Book: Legislative History, Texts and Other Documents at 520 (Joint Comm.Print 1975) (hereinafter cited as Source Book). The district court found no need to even consider these interests because it found as a threshold matter that the disclosure would not impinge on any privacy interests of the individuals working on the boat or those who gave statements to the OSHA investigator. The court based this conclusion on the fact that the plaintiffs requesting the information already had access to the names of those working aboard the ship and access, through discovery, to the identities of those men working directly with Ward. Since the individuals involved could not be considered anonymous, the district court reasoned that they did not have a privacy interest protectable under 7(C).
 
 
 5
 An individual does not lose his privacy interest under 7(C) because his identity as a witness may be discovered through other means. The employee-witnesses in this case have a substantial privacy interest in this case as disclosure would lead to the type of harm, embarrassment and possible retaliation that 7(C) was created to prevent. Miles v. U.S. Dept. of Labor, 546 F.Supp. 437, 440 (M.D.Pa.1982); Lloyd and Henniger v. Marshall, supra, 526 F.Supp. at 487.[4] Then too, the courts have long been aware of the effects of disclosure upon the availability of information to the government. There can be little doubt that an employee will feel more free to talk with federal law enforcement officials about possible employer violations if he feels his name will not be attached to his statements. See Kiraly v. F.B.I., 728 F.2d 273, 278 (6th Cir.1984).
 
 
 6
 The district court's misconception regarding 7(C) is based in part on a misreading of the extent of the privacy interest. The privacy interest does not encompass, as plaintiffs-appellees contend, only those matters which involve intimate details of an individual's life. Even if the names of the employee-witnesses are already known, disclosure would tie each witness to a particular statement. More importantly, this linking would disclose the nature and exactitude of each employee-witnesses' comments about the safety of the work place, which could cause one or more of them problems at their jobs and with their livelihoods. In his memorandum on the 1974 Amendments to FOIA, Attorney General Levi noted that:
 
 
 7
 It is thus clear that the privacy interest does not extend only to types of information that people generally do not make public. Rather in the present context it must be deemed generally to include information about an individual which he could reasonably assert an option to withhold from the public at large because of its intimacy or its possible adverse effects upon himself or his family.
 
 
 8
 Source Book at 519-20 (emphasis added). Another court faced with requests for information from OSHA investigatory files reached the same conclusion. See Miles v. U.S. Dept. of Labor, supra, 546 F.Supp. at 440. (Section 7(C) protects against disclosure where the information would cause embarrassment because of its intimate nature or because of the fact of the individual's cooperation with the investigation itself.) Because the district court found no privacy interest on the part of the employee-witnesses, it did not conduct the balancing of the individual's privacy interest and the public interest in disclosure. Since the witnesses had a privacy interest, we reach that step in the analysis and conclude that the balance clearly preponderates toward the employee-witnesses and thereby against disclosure.
 
 
 9
 Plaintiffs-appellees have failed to present any evidence of how disclosure of the requested information would serve the public interest. L & C alleges that it needs the complete file to use as evidence in pending litigation. The private needs of the companies for documents in connection with litigation, however, play no part in whether disclosure is warranted. New England Apple Council v. Donovan, supra, 725 F.2d at 144; Lloyd and Henniger v. Marshall, 526 F.Supp. at 487; Miles v. U.S. Dept. of Labor, 546 F.Supp. at 440. Since the purpose of the FOIA exemptions and the Occupational Safety and Health Act is to encourage witnesses to report what they have seen and there is no public interest in the identities of these employee-witnesses, the information sought falls within the 7(C) exemption. See United States Steel Corp. v. Dept. of Labor, 558 F.Supp. 80, 82 (W.D.Pa.1983).
 
 Exemption 7(D)
 
 10
 The district court determined that the requested information was not exempt under the provision protecting the identity of confidential sources. The court found, as it had with regard to 7(C), that because the identity of the workers could be matched to their statements through discovery techniques that they could not be confidential sources. In making that determination, the district court failed to utilize the normal test for determining whether an interviewee is a confidential source under 7(D).
 
 
 11
 The burden of proof is on the government agency asserting the applicability of a FOIA exemption. 5 U.S.C. Sec. 552(a)(4)(B). OSHA would normally meet this burden by proving either that the employee-witnesses provided information "under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." Conf.Rep. No. 93-1380, 93rd Cong., 2nd Sess. 13 (1974). Radowich v. United States Attorney, District of Maryland, 658 F.2d 957, 959-60 (4th Cir.1981); Lame v. Dept. of Justice, 654 F.2d 917, 923 (3d Cir.1981); T.V. Tower v. Marshall, 444 F.Supp. 1233, 1235 (D.D.C.1978); Borton v. OSHA, 566 F.Supp. 1420, 1421-22 (E.D.La.1983). Because the court found that the employee-witnesses could be matched to their statements, it never assessed the government's bearing of its burden. The court therefore left open the question of whether there was an express or implied assurance of confidentiality. Lame v. Dept. of Justice, supra, 654 F.2d at 923. (Whether an express or implied assurance was given is a question of fact to be determined with regard to each interviewee.) A reading of the record indicates that there was an express assurance of confidentiality given here.[5] See Brown Affidavit.
 
 
 12
 OSHA's function, to assure safe working conditions, can only be achieved by use of its investigatory powers to check out work places and interview workers.[6] Since an OSHA investigator's probe might require employee-witnesses to give unfavorable information about their employers, they are normally reluctant to speak to the investigator. The great leverage that employers hold over workers and the possibility for retaliation make the circumstances surrounding an OSHA investigation ones in which confidentiality is necessary.[7] If the proper test had been applied, the employee-witnesses would have been declared confidential sources. Once the witnesses have been found to have the status of confidential sources, the names and other identifying information relating to the witnesses are exempt from disclosure. No balancing of the interests of the individual and the public is required in 7(D) determinations. Lame v. Dept. of Justice, 654 F.2d at 923.
 
 
 13
 The district court's analysis of why disclosure is proper here rests upon a faulty understanding of the FOIA exemptions. Even if use of civil discovery procedures might provide the plaintiffs-appellees with information sufficient to match the workers with their statements and failure to disclose would require additional discovery, a court must not release the information if the witnesses are confidential sources.[8] The per se limitation on disclosure under 7(D) does not disappear if the identity of the confidential source later becomes known through other means. Radowich v. U.S. Atty., Dist. of Maryland, 658 F.2d at 960; Lesar v. Dept. of Justice, 636 F.2d 472, 491 (D.C.Cir.1980). As noted earlier with regard to exemption 7(C), the disclosure provisions of FOIA were not created to act as substitutes for discovery. Lloyd and Henniger v. Marshall, 526 F.Supp. at 487; Borton v. OSHA, 566 F.Supp. at 1422. Since the employee-witnesses were confidential sources, exemption 7(D) is applicable.
 
 
 14
 For the foregoing reasons, the district court's order compelling disclosure is reversed for entry of judgment for the government.
 
 
 15
 REVERSED and REMANDED.
 
 
 
 [1]
 The relevant portions of sections (b)(7)(C) and (b)(7)(D) make exempt from disclosure:
 (7) investigative records compiled for law enforcement purposes, but only to the extent that production of such records would ... (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source ...
 
 
 [2]
 No OSHA enforcement proceedings were ever initiated against the plaintiffs-appellees
 
 
 [3]
 Plaintiffs-appellees argue that the affidavit from OSHA investigator Brown, upon which these facts about the assurance of confidentiality are based, was not properly before the court due to a violation of Rule 56(c) FRCP. An examination of the record shows that although the affidavit was submitted two months after the government's motion for summary judgment it was accepted and made part of the record. OSHA submitted the affidavit along with a supplemental memorandum to the summary judgment motion shortly after the district court sent notice that a pretrial hearing would be held in the case two months later. Five days after the affidavit was filed, however, the district court issued an order denying the summary judgment motion
 Even if the plaintiffs-appellees were prejudiced by the late submission and acceptance of the affidavit, something not demonstrated since plaintiffs-appellees fail to state what grounds they might have for opposing the affidavit, the government cannot be held responsible. Since the affidavit was accepted into the record, this court feels free to consider it.
 
 
 [4]
 The district court found that this case did not present a situation in which disclosure would subject the individuals involved to embarrassment or retaliation since the plaintiffs already had access to their names. It is not clear, however, whether the statements made by three of Ward's co-workers could be definitively linked to them even after the discovery that has proceeded and the depositions that have been taken. Since any one of the statements could be more critical of the companies involved than others, at least one of the employee-witnesses might not want to be tied to his statement
 
 
 [5]
 Plaintiffs-appellees assert that the OSHA compliance officer in this case gave blanket assurances of confidentiality without first assessing whether the witnesses were truly reluctant to give statements. These companies argue that OSHA should not give unsolicited assurances. According to Officer Brown's affidavit, he did indicate to the workers prior to the interviews that unless they declined, their identities would be held in confidence. The affidavit goes on to state, however, that this is established OSHA procedure in conducting interviews. Finally, Officer Brown related that in his many years of conducting interviews he has concluded that if the agency were unable to honor its assurances, workers would refuse to cooperate and it would be impossible to obtain the facts necessary for determining whether an employer violated the applicable safety and health standards
 In light of well-recognized reluctance of workers to talk about their employers to federal law enforcement officials, we find it incongruous to require such officials to assess on an individual basis whether an assurance of confidentiality is necessary. Without being told that their identities need not be linked to the information they offer, most workers will not know to ask for confidentiality. Knowledge that confidentiality is available, however, may well result in a witness being more open than he otherwise would be. As the present procedure operates, employee-witnesses are told that confidentiality is available unless they decline it. Such a procedure ensures that the investigating agency is protecting the identity of only those who feel the need for such protection. In the present case, one of the four workers interviewed declined the assurance of confidentiality and OSHA therefore disclosed his name along with his statement. None of the other courts considering the OSHA policy regarding assurances of confidentiality have found them to be improper blanket assurances. Lloyd and Henniger v. Marshall, 526 F.Supp. at 487; Borton v. OSHA, 566 F.Supp. at 1422; United States Steel Corp. v. Dept. of Labor, 558 F.Supp. at 82-83.
 
 
 [6]
 In order to ensure compliance with the Occupational Safety and Health Act, the Secretary of Labor is authorized to inspect and investigate work places. 29 U.S.C. Sec. 657(a). The Secretary's authority to investigate includes the right to question privately workers. 29 U.S.C. Sec. 657(a)(2)
 
 
 [7]
 Congress apparently intended to protect those workers giving information during an OSHA investigation. In a letter supporting the 1974 FOIA amendments, one of the sponsors of the amendments noted that:
 [T]he amendment will permit this kind of information [inspection reports by OSHA inspectors] to be made public with appropriate safeguards for individual rights and confidentiality of informants and investigative procedures.
 
 
 [120]
 Cong.Rec. 16616 (1974). Then too, one provision of the Occupational Safety and Health Act, 29 U.S.C. Sec. 660(c), provides a remedy for any worker who is retaliated against for initiating a complaint, testifying at proceedings or exercising any rights afforded by the act, thereby recognizing the power of the employer over the employee
 
 
 [8]
 The district court's decision to order disclosure also appears to rest on its finding the term "confidential" synonymous with "secret." The court concluded that since the plaintiffs-appellees knew who the employee-witnesses were any information tending to reveal their identities could not be considered secret. The court, therefore, did not pursue the question of whether the witnesses here had talked to the OSHA investigator under an assurance of confidentiality. Confidential, as used in exemption 7(D), however, is meant to be construed as "given in confidence." Radowich v. U.S. Atty., District of Maryland, 658 F.2d at 959. As was pointed out in the Joint Explanatory Statement of the Committee of Conference:
 The substitution of the term "confidential source" in section 552(b)(7)(D) is to make clear that the identity of a person other than a paid informer may be protected if the person provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred. Under this category, in every case where the investigatory records sought were compiled for law enforcement purposes--either civil or criminal in nature--the agency can withhold the names, addresses, and other information that would reveal the identity of a confidential source who furnished the information.
 Conference Report No. 93-1200, 1974 U.S.Code Cong. & Adm.News at 6267-6291.