## MID–ATLANTIC RECYCLING TECHNOLOGIES, INC., Plaintiff,

v.

## CITY OF VINELAND, et al., Defendants.

### Civ. No. 03–3864 (RBK).

United States District Court,
D. New Jersey,
Camden Vicinage.

April 27, 2004.

---

**3.** *American Comm. Barge Line Co. v. Tug Joan Salton*, No. 99 Civ. 0846(RCC), 2001 WL 262724, at *3 (S.D.N.Y. Mar.16, 2001).

**4.** *Id.,* at *5.

Albert A. Ciardi, III, Janssen, Keenan & Ciardi, P.C., Philadelphia, PA, for Plaintiff.

Thomas P. Farnoly, Farnoly & Barse, P.A., Vineland, NJ, for Defendants.

## OPINION

DONIO, United States Magistrate Judge.

In this motion, the Court considers whether a citizen's right to obtain government documents under New Jersey's Open Public Records Act ("OPRA"), N.J.S.A. 47:1A–1, *et seq.*, is limited or restricted when the party files a civil lawsuit against the governmental entity. Specifically, the Court addresses whether Rule 26 of the Federal Rules of Civil Procedure overrides a party's rights to obtain documents through OPRA from the governmental entity that is a party in the litigation. Plaintiff Mid–Atlantic Recycling Technologies, Inc. ("MART") has filed a number of requests under OPRA, which seek documents allegedly related to issues in this litigation from defendant City of Vineland. Defendants [1] seek a protective order, pursuant to Fed.R.Civ.P. 26, precluding plaintiff from requesting documents under OPRA, claiming that such efforts circumvent the Federal Rules of Civil Procedure. Defendants assert that since plaintiff has filed a federal civil lawsuit, plaintiff must pursue all discovery through the parameters and procedures delineated under the Federal Rules of Civil Procedure. The Court has considered the submissions of the parties and conducted oral argument in this matter on December 19, 2003. For the reasons set forth below, the motion is denied.

Plaintiff, the owner and operator of a recycling facility in the City of Vineland, filed a 114–page complaint against defendants on or about August 23, 2003, alleging violations under 42 U.S.C. § 1983 and libel. Plaintiff asserts that defendants engaged in arbitrary and irrational conduct in an effort to deprive MART of its business through selective enforcement of certain environmental compliance policies. Complaint, ¶¶ 87–91. Defendants have filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), which is currently pending before the District Court.

Defendants assert that defendant City of Vineland has received "numerous requests for documents" under OPRA, for documents related to issues in this case, from an attorney [2] on behalf of MART. Defendants' Brief

---

**1.** Defendants are the City of Vineland, Vineland Department of Health, Perry Barse, in his individual capacity and as Mayor of Vineland, and John Does (1–20).

**2.** The attorney submitting the OPRA requests has represented MART before the New Jersey Department of Environmental Protection in proceedings related to allegations MART has assert-

In Support of Protection Order ("Def.Brief"), p. 1.[3] Defendants allege that MART's "regular and continuous piecemeal requests" for information circumvents the Federal Rules of Civil Procedure and are subjecting defendants to an undue burden and harassment, contrary to the Federal Rules of Civil Procedure. *Id.* Defendants request that the Court enter a protective order, pursuant to Rule 26(c), precluding MART from conducting discovery outside the limitations imposed by the Federal Rules of Civil Procedure.

Defendants assert that this Court's authority to oversee the discovery process of this case permits the Court to prohibit the use of OPRA as a vehicle for MART to obtain documents related to this case. *Id.* at p. 2. The parties acknowledged at oral argument that there is no federal case directly on point. However, defendants contend that *American Civil Liberties Union of New Jersey, Inc. v. County of Hudson*, 352 N.J.Super. 44, 799 A.2d 629 (App.Div.2002), *cert. denied*, 174 N.J. 190, 803 A.2d 1162 (2002), where the Appellate Division of the Superior Court of New Jersey determined that Department of Immigration and Naturalization Services' ("INS") regulations preempted the then New Jersey state Right To Know law, support their position that federal interests can preempt applicability of OPRA. Def. Brief at pp. 2–3. Additionally, defendants argue that the purpose of OPRA is the same as the purpose behind the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1982), and

that this Court should follow the reasoning of the courts in *Metex Corp. v. ACS Indus., Inc.*, 748 F.2d 150 (3d Cir.1984) and *L & C Marine Transport, Ltd. v. United States*, 740 F.2d 919 (11th Cir.1984), which both addressed FOIA requests. Def. Brief at pp. 3–4. For these reasons, defendants contend that the Court should enter an order "relieving the Defendants of any obligation to respond to MART's OPRA and Right to Know requests for information while this litigation is pending and direct MART to make any further requests for information during the pendency of this litigation pursuant to and in accordance with the Federal Rules of Civil Procedure." Def. Brief at p. 4.

Plaintiff does not dispute that the OPRA requests relate to issues in this litigation, although plaintiff denies that the requests relate only to the instant litigation, and further asserts that OPRA requests "need not relate to any issue to be an appropriate request under OPRA." Response of Plaintiff to Motion for Protective Order, ¶ 4, p. 2. Moreover, plaintiff has filed an action under OPRA in the Superior Court of New Jersey, Law Division, to compel disclosure of documents requested. *Id.* at ¶ 8.[4] *See* N.J.S.A. 47:1A-6. Plaintiff contends that a citizen's right to access public documents is not abridged because the requester has filed federal litigation with the government entity required to respond to the OPRA requests. Plaintiff's Memorandum of Law in Opposition

ed in this case, *See* Defendants' Motion for Protective Order at ¶ 2 and Response of Plaintiff to Motion for Protective Order at ¶ 2.

3. Defendants attach to their moving papers copies of ten OPRA requests submitted by plaintiff on defendant City of Vineland's form. The requests are directed to the City of Vineland, and in one case, to the Assistant Director of Solid Waste Management. *See* Exhibit A attached to Defendants' Motion for Protective Order.

4. The specific relief requested in the state action is as follows:
   A. An Order compelling the City of Vineland to provide access to all government records implicated by Plaintiff's Request for Access to Government Records.
   B. An Order directing the City of Vineland to prepare a proper privilege log with respect to the documents it claims are protected by the attorney/client privilege.

C. An Order directing the City of Vineland to produce to the trial court for an *in camera* review of all government records the City of Vineland claims are protected by the attorney/client privilege.
   D. Expedited handling of this Complaint in accordance with N.J.S.A. 47:1A-6 and in view of the substantial public interest.
   E. Damages for violations of the aforesaid laws;
   F. Civil penalties against the City of Vineland, its officers, employees and/or custodian in accordance with N.J.S.A. 47:1A-11.
   G. Counsel fees and costs and other appropriate fees for the violation of the aforesaid laws.
   H. For such other relief as determined by the Court to be just and proper.
   *See* Complaint filed in Superior Court Law Division attached as Exhibit C to Defendants' Motion for Protective Order.

to Motion ("Pl.Brief") at p. 3. Plaintiff asserts that the overriding public policy behind OPRA favors access to public documents. *Id.* In this regard, plaintiff contends that the statutory language and analogous case law suggest that OPRA requests are generally not affected by either the requester's motive for seeking the documents or the fact that the requester happens to be in simultaneous litigation with the holder of the documents. Pl. Brief, p. 3.

In support, plaintiff contends that N.J.S.A. 47:1A–1 specifically provides that "all government records shall be subject to public access unless exempt." N.J.S.A. 47:1A–1. Furthermore, plaintiff contends that *American Civil Liberties Union,* 352 N.J.Super. 44, 799 A.2d 629, is inapplicable to this case because the state appellate court's decision that the INS regulation preempted state law turned on a conflict between the state law and a federal regulation. Pl. Brief, p. 4. Plaintiff posits that such a conflict does not exist here. *Id.* Plaintiff also asserts that defendants' reliance on the dicta in *Metex,* 748 F.2d 150, is misplaced since in that case the Third Circuit concluded it did not have jurisdiction to hear the issue. Pl. Brief at p. 5. Likewise, plaintiff asserts that *L & C Marine Transport,* 740 F.2d 919, is inapplicable to this case because that case dealt with a FOIA exemption regarding a privacy issue. Pl. Brief at p. 4. Instead, plaintiff argues that the California Court of Appeals' decision in *County of Los Angeles v. Superior Court of Los Angeles,* 82 Cal.App.4th 819, 98 Cal.Rptr.2d 564 (2000), where the court considered whether a request under the California Public Records Act ("CRPA"), Gov.Code § 6250 *et seq.,* for documents for use in related pending litigation was proper, provides a more useful analogy to the instant action than *Metex,* 748 F.2d 150, or *L & C Marine Transport,* 740 F.2d 919. Pl. Brief at p. 6. Accordingly, plaintiff asserts that, because MART is a citizen [5], it is free to pursue the requests under OPRA even if the requested documents are related to the instant litigation. Pl. Brief, p. 7.

At issue here are the discovery parameters of the Federal Rules and its effect, if any, on a New Jersey citizen's right to request government records under OPRA. Rule 26 of the Federal Rules of Civil Procedure governs the discovery process between civil litigants in federal court and provides that, as a general matter, parties may "obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party ..." Fed.R.Civ.P. 26(b)(1). There are, however, under Rule 26, limits and restrictions that a court may impose on the scope of discovery. *See, e.g., Pearson v. Miller,* 211 F.3d 57, 65 (3d Cir.2000). Rule 26(c) permits the Court to issue a protective order providing that "[u]pon motion by a party or by the person from whom discovery is sought ... the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." [6] In addition, Rule 26(c) "places the burden of persuasion on the party seeking the protective order." *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986). A party seeking a protective order "must show good cause by demonstrating a particular need for protection." *Id.*

---

**5.** Defendants do not dispute the fact that MART is a citizen of the State of New Jersey for purposes of OPRA.

**6.** Under Rule 26(c) the Court may order:
(1) that the disclosure or discovery not be had;
(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;
(6) that a deposition, after being sealed, be opened only by order of the court;
(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. Fed.R.Civ.P. 26(c)

New Jersey's OPRA permits any citizen to obtain government records in New Jersey in accordance with the procedures set forth in that statute. OPRA provides that it is the public policy of New Jersey that:

government records shall be readily accessible for inspection, copying, or examination by the citizens of this State, with certain exceptions, for the protection of the public interest, and any limitations on the right of access accorded by P.L.1963, c. 73 (C.47:1A–1 et seq.) as amended and supplemented, shall be construed in favor of the public's right of access.

N.J.S.A. 47:1A–1. The Open Public Records Act, which replaced New Jersey's Right to Know Act of 1963 "built on the State's longstanding public policy favoring ready access to most public records". *Serrano v. South Brunswick Township*, 358 N.J.Super. 352, 363, 817 A.2d 1004, 1011 (App.Div.2003). As the *Serrano* court noted in examining case law under prior right to know law, "New Jersey has a history of commitment to public participation in government and to the corresponding need for an informed citizenry." *Id.*, quoting *South Jersey Pub. Co. v. New Jersey Expressway Auth.*, 124 N.J. 478, 486–87, 591 A.2d 921 (1991).

The Court rejects defendants' invitation to find that the general discovery rules under the Federal Rules of Civil Procedure preempt OPRA. Defendants' reliance on *American Civil Liberties Union*, 352 N.J.Super. 44, 799 A.2d 629, is misplaced. In *American Civil Liberties Union*, the state court, after an extensive discussion of the preemption doctrine, concluded that there was a clear conflict between the plain language of the federal regulation prohibiting disclosure of federal detainees and the then state public access law permitting disclosure. *Id.* at 74–75, 799 A.2d at 647. Indeed, the *American Civil Liberties Union* court concluded that there was an "operational" conflict and, as such, "preemption occurs when 'compliance with both federal and state regu-

lations is a physical impossibility.'" *Id.* (quoting *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982))(quoting *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963)). Defendants, here, do not aver that such a direct conflict exists. Rather, defendants assert that OPRA permits plaintiff to receive documents earlier than the time those documents would be discoverable under Rule 26.

The initial disclosures of Rule 26 provide for the early exchange of information. Fed. R.Civ.P. 26(a)(1). Defendants have not asserted that under OPRA, plaintiff will be obtaining documents otherwise unobtainable under the Federal Rules. Additionally, plaintiff agreed at oral argument that even if plaintiff obtained documents under OPRA, the Federal Rules of Evidence govern the admissibility of those documents in federal litigation. In this regard, there is no reason that, in this case, OPRA and the Federal Rules cannot coincide. The fact that a party is able to avail itself of a state statute and obtain public documents that are related to a simultaneous litigation does not conflict with Rule 26. Indeed, documents that are "governmental records" and subject to public access under OPRA are no less subject to public access because the requester filed a lawsuit against the governmental entity. The fact that a party may obtain documents through OPRA at an earlier time or that OPRA provides for a shorter time period to respond[7] than the time when document requests are permitted to be served under Rule 26 does not create a conflict so as to deny a citizen of legal rights to seek governmental records under OPRA. Moreover, as noted above, the federal rules include self-executing disclosures that require a party, *without awaiting a discovery request*, to provide, among other disclosures, copies or descriptions of documents, data compilations, and tangible things that are in that party's

---

**7.** Under OPRA, "[u]nless a shorter time period is otherwise provided by statute, regulation, or executive order, a custodian of a government record shall grant access to a government record or deny a request for access to a government record as soon as possible, but not later than seven business days after receiving the request, provided that the record is currently available and not in storage or archived." N.J.S.A. 47:1A–5(i). Immediate access is required for certain government records. N.J.S.A. 47:1A–5(e).

possession, custody, or control, and that the party may use to support claims or defenses. Fed.R.Civ.P. 26(a)(1)(B). Thus, there is neither a direct nor operational conflict. Moreover, defendants do not claim that Rule 26 was intended to preempt a state's right to permit public access to government records.

Defendants assert that New Jersey's OPRA is similar to the federal FOIA and that the Third Circuit's decision in *Metex*, 748 F.2d 150, and the Eleventh Circuit's decision in *L & C Marine Transport*, 740 F.2d 919, should govern. The Court rejects these arguments. The Third Circuit's dicta in *Metex* does not directly address this issue. In *Metex*, the plaintiff sought FBI documents from the United States Department of Justice ("DOJ") under FOIA. The documents sought related to the FBI's investigation of acts that formed the basis of plaintiff's then pending unfair competition suit against its competitor. 748 F.2d at 152. The DOJ denied the request. Plaintiff exhausted its FOIA administrative appeals, and, in lieu of filing a separate suit as permitted under FOIA, joined the DOJ in the unfair competition suit. *Id.* The District Court denied plaintiff's motion for summary judgment on its claim against the DOJ and its request for an injunction. Plaintiff appealed. The Third Circuit rejected the appeal finding that it lacked appellate jurisdiction as to an appeal of the denial of summary judgment. *Id.* at 155. In so ruling, however, the Court embarked on a discussion of FOIA and specifically rejected plaintiff's position that the pending civil litigation enhanced plaintiff's FOIA rights. Rather, the Court found that FOIA is "a public disclosure statute and is not intended to replace or supplement the discovery of private litigants." *Id.* (citing *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 143, n. 10, 95 S.Ct. 1504, 1513, 44 L.Ed.2d 29 (1975)). However, *Metex* does not in any way hold that FOIA requests are precluded or stayed because of pending civil litigation.

Likewise, defendants' reliance on *L & C Marine Transport*, 740 F.2d 919, misses the mark. *L & C Marine Transport*, which dealt with exemptions under FOIA, involved an appeal of a district court's decision to compel the Occupational Safety and Health Adminis-

tration ("OSHA") to disclose the names of individuals which were redacted in records that were produced in response to a FOIA request. *Id.* The issue in *L & C Marine Transport* was whether OSHA's decision to redact the names of the individuals contained in the requested reports fell under exemptions under FOIA. Similar to *Metex*, the *L & C Marine Transport* Court, in examining whether documents had to be made available under FOIA or were exempt, rejected as a consideration plaintiff's assertion that the information was necessary in the civil litigation. In so doing, the Court stated, "the private needs of the companies for documents in connection with litigation, however, play no part in whether disclosure is warranted." *Id.* at 923. However, it does not stand to reason that because a party's status as a litigant does not improve or increase that party's rights to gain access of documents under FOIA, a party's access is decreased or limited by such status, which is what defendants assert here.

Other courts that have considered this issue have rejected the notion that the filing of a civil litigation halts a party's access to documents under a public record access statute. *See, e.g., County of Los Angeles*, 98 Cal.Rptr.2d 564, 82 Cal.App.4th 819; *Bolm v. Custodian of Records of Tucson Police Department*, 193 Ariz. 35, 969 P.2d 200 (1998)(fact of pending litigation when public records request made does not affect public agency's obligation to comply with public records law). In *County of Los Angeles*, a firm filed three civil rights actions on behalf of three former inmates of the county jail. During the discovery period of that action, the court denied the firm's request for disclosure of certain documents. 98 Cal.Rptr.2d 564, 82 Cal.App.4th at 823. An attorney from the firm filed several requests for the same documents under California' Public Record Act. *Id.* The County opposed the inquiries, claiming that the attorney and the firm were attempting to circumvent the court's prior rulings concerning the documents. The trial court, noting that nothing in the California act prevented the firm from obtaining the documents through CPRA as an alternative to civil discovery, ruled that

the County comply with the CPRA request.[8] On appeal, the California Appellate Court considered whether in the course of private litigation, CPRA could be employed to circumvent the effect of civil discovery rulings.[9] The Court found that there was no doubt that the records were requested through the use of CPRA to circumvent the court's prior discovery ruling. *Id.* However, the court noted that, as under FOIA, there are no limitations to access under CPRA related to the purpose of request and that "... a plaintiff who has filed suit against a public agency may, either directly or indirectly through a representative, file a CPRA request for the purpose of obtaining documents for use in the plaintiff's civil action, and that the documents must be produced unless one or more of the statutory exemptions set forth in the CPRA apply." 98 Cal.Rptr.2d at 569, 82 Cal.App.4th at 826.

■ Defendants assert that the OPRA requests are burdensome and that the information exchanged is better handled under the guidelines of the Federal Rules of Civil Procedure. Defendants also claim that plaintiff will have an unfair advantage over a defendant public agency if plaintiff can seek documents under OPRA. However, the Court notes that OPRA contains a number of exemptions from disclosure, including, without limitation, records falling within attorney-client privilege. N.J.S.A. 47:1A–1. OPRA also provides governmental entities the right to deny a request under OPRA pursuant to the statute. *See* N.J.S.A. 47:1A–5(i). The Court is mindful that the burden is on the public agency to demonstrate that a denial of access is authorized by law under OPRA and that the proceedings to challenge access denial apply only to a requester. N.J.S.A.

47:1A–6.[10] However, even if a document is ordered to be produced by the state court under OPRA or by the agency head from the Government Records Council, that disclosure does not limit a public agency's rights to object to the admissibility of the document in the federal litigation.

The Court concludes that the Federal Rules of Civil Procedure do not act as an automatic bar of a litigant's rights to obtain or seek documents under a public record access statute such as OPRA. Defendants have not shown good cause for a protective order by demonstrating a particular need for protection. The broad allegations of harm are not substantiated, and the Court rejects defendants' arguments that Fed.R.Civ.P. 26 limits or restricts a party's right to request documents under OPRA. Defendants' motion is denied. An appropriate order will be entered.

### *ORDER*

This matter having come before the Court upon the motion of defendants City of Vineland, Vineland Department of Health, and Perry Barse for a protective order pursuant to Fed.R.Civ.P. 26(c); and the Court having reviewed the submissions of the parties; and the Court having conducted oral argument in this matter on December 19, 2003; and for the reasons set forth in the Opinion issued in connection with this Order on this date;

IT IS on this 27th day of April, 2004

ORDERED that defendants' motion is denied.

---

**8.** The Court conducted a review *in camera* of the requested documents and ordered disclosure of all of the documents except those that fell under a public interest exemption. 98 Cal.Rptr.2d at 567, 82 Cal.App.4th at 824.

**9.** Similar to OPRA, the CPRA "makes clear that 'every person' has a right to inspect any public record (§ 6253, subd.(a)), for any purpose (§ 6257.5), subject to certain exemptions ..." 98 Cal.Rptr.2d at 568, 82 Cal.App.4th at 825; *see also* N.J.S.A. 47:1A–1.

**10.** N.J.S.A. 47:1A–6 provides a requester of public documents with two options for challenging a

denial of access to public records. First, the requester may "institute a proceeding to challenge the custodian's decision by filing an action in Superior Court which shall be heard in the vicinage where it is filed by a Superior Court Judge who has been designated to hear such cases because of that judge's knowledge and expertise in matters relating to access to government records". *Id.* Alternatively, a requester may "file a complaint with the Government Records Council established pursuant to section 8 of P.L.2001, c. 404 (C.47:1A–7)".