[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11831
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:08-cv-01956-VMC-TBM

NOLAN NATHANIEL EDWARDS,

Plaintiff - Appellant,

versus

EXECUTIVE OFFICE FOR U.S. ATTORNEYS,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 3, 2011)

Before EDMONDSON, WILSON, and BLACK, Circuit Judges.


PER CURIAM:

Nolan Nathaniel Edwards, a federal prisoner proceeding pro se, appeals the grant of summary judgment in favor of the Executive Office for United States Attorneys (EOUSA) in his civil action brought pursuant to the Freedom of Information Act (FOIA).[1] No reversible error has been shown; we affirm.

The FOIA requires a federal agency -- upon a request for records reasonably describing documents in that agency's possession -- to make those documents promptly available to any person unless the information within the records is protected from disclosure by a statutory exemption. 5 U.S.C. § 552(a)(3), (b). The disclosure provisions of the FOIA are construed broadly; and the exemptions are interpreted narrowly. Ely v. F.B.I., 781 F.2d 1487, 1489 (11th Cir. 1986). The agency bears the burden of proving that a particular piece of information is exempt from disclosure. Id. at 1489-90.

Edwards sought information about his prior criminal case, specifically, information about statements his codefendant, Shawn Williams, made to the police. In response to Edwards's request, the EOUSA provided Edwards with five and a half pages of material; but the EOUSA withheld seven pages, claiming that the information was exempt from disclosure because it reasonably could be

---

[1] We review the district court's grant of summary judgment de novo; and we view the evidence and draw all reasonable inferences in favor of the non-moving party. Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1243 (11th Cir. 2008).

expected to constitute an unwarranted invasion of personal privacy or could reasonably be expected to disclose a confidential source.[2] See 5 U.S.C. § 552(b)(7)(C), (D).

On appeal, Edwards makes no challenge to the applicability of these exemptions; instead, he argues that the EOUSA waived the exemptions because it earlier had disclosed the documents that he requested. Edwards bases this argument on a public records request he made under the Florida Public Records Act where he received a redacted investigative supplement report prepared by the St. Petersburg Police Department that described his codefendant's debriefing.

If an agency voluntarily discloses information, it may not claim in a later proceeding that the previously released information is exempt from disclosure. Florida House of Representatives v. U.S. Dep't of Commerce, 961 F.2d 941, 946 (11th Cir. 1992). But Edwards has not established that the EOUSA already had disclosed the information it withheld in his case. Although Edwards suggested (in his response to the EOUSA's summary judgment motion) that the EOUSA had provided him with a copy of the investigative supplement report, his supporting

---

[2]The withheld documents contained (1) names and identifying data of other suspects in the investigation; (2) the identity of a third party who was merely mentioned in the investigation; and (3) names and other important information about law-enforcement officers who participated in the investigation.

evidence revealed that the St. Petersburg Police Department actually disclosed the report. That Edwards obtained a copy of the investigative report from another source does not establish that the EOUSA voluntarily waived any FOIA exemption on that information. See L & C Marine Transport, Ltd. v. United States, 740 F.2d 919, 922, 925 (11th Cir. 1984) (explaining that a person "does not lose his privacy interest under [5 U.S.C. § 552(b)(7)(C)] because his identity as a witness may be disclosed through other means" and that the "per se limitation on disclosure under [5 U.S.C. § 552(b)(7)(D)] does not disappear if the identity of the confidential source later becomes known through other means").

Edwards showed no genuine issue of material fact about whether the EOUSA waived its right to invoke the statutory exemptions in the FOIA; and the district court properly granted summary judgment in favor of the EOUSA. See Fed.R.Civ.P. 56.

AFFIRMED.

4